[Civ. No. 11918.   Second Appellate District, Division Two.—November 16, 1938.]

KING FEATURES SYNDICATE, INC. (a Corporation), Respondent, v. K M T R RADIO CORPORATION (a Corporation), Appellant.

Cannon & Calister and David H. Cannon for Appellant.

Flint & MacKay and Donald W. Hamblin for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the plaintiff in an action for damages for breach of contract. The defendant contends that the judgment should be reversed in so far as the fifth cause of action is concerned because ''all of the evidence in the case, taken in the light most favorable to the plaintiff, and coupled with the allegations in the complaint, clearly demonstrate the plaintiff has elected to abandon, and has abandoned all claim for damages for breach of the contract''. We must go to the record to see if there is any substantial evidence to sustain the findings of the trial court.

The law is clear and is well set forth in *Sobelman* v. *Maier,* 203 Cal. 1, 9 [262 Pac. 1087, 1090] : '' 'One who has been injured by a breach of contract has an election to pursue any of three remedies. He may treat the contract as re-

scinded and may recover upon a *quantum meruit* so far as he has performed; or he may keep the contract alive for the benefit of both parties, being at all times ready and able to perform; or third, he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing.' (*McConnell* v. *Corona City Water Co.*, 149 Cal. 60, 64, 65 [8 L. R. A. (N. S.) 1171, 85 Pac. 929] ; see, also, *Robinson* v. *Rispin*, 33 Cal. App. 536, 539 [165 Pac. 979].) '' See, also, 6 California Jurisprudence, 464, section 276. In the case of *Alderson* v. *Houston*, 154 Cal. 1, 12 [96 Pac. 884], the court said, ''Upon the election . . . the rights of the parties are to be regarded as then culminating, and the contractual relation ceases to exist, except for the purpose of maintaining the action for the recovery of damages.'' (6 Cal. Jur. 458–460; *Walker* v. *Harbor Business Blocks Co.*, 181 Cal. 773 [186 Pac. 356].)

The parties had entered into a contract whereby the plaintiff was to furnish to the defendant certain news service for broadcasting purposes. The defendant agreed to pay for the same at a certain rate per week in advance. The contract, among other things, contained clause Eighth, which reads as follows: ''Should the Broadcaster [defendant] fail to make the weekly payments, hereinabove provided to be paid, the International News Service [plaintiff] shall have the right to discontinue its service to the Broadcaster [defendant] without notice.'' The defendant did not pay the weekly sums in advance, and finally repudiated the contract. Count five of the complaint was an action to recover damages by way of lost profits from the time of the repudiation of the contract. It was not an action to collect the full contract price or to enforce the obligation of defendant in full, but only to recover damages by way of lost profits.

The defendant, in the point which he raises, bases it in part upon the phrase, ''and coupled with allegations in the complaint''. For that reason we set forth the pertinent allegations of the complaint: ''That between the 19th day of January, 1937, and the 14th day of April, 1937, plaintiff furnished to defendants the said wire service and news reports as provided in said contract. That on or about the 13th day of April, 1937, defendants advised plaintiff that they for some time prior thereto had not been using the wire

service and news reports furnished to them under said contract, and did not intend to use said wire service and news reports in the future, and desired and intended to terminate said contract, thereby repudiating and committing a breach of said contract. That defendants, contrary to the provisions of said contract, failed and neglected to pay for said news reports and wire service at the rate of $105.00 weekly in advance, and failed and neglected to pay any sum to plaintiff whatsoever, thereby committing a breach of said contract. That on or about the 14th day of April, 1937, plaintiff in accordance with the terms of said contract, and particularly paragraph Eighth thereof, discontinued its service to defendants and elected to treat the breach and repudiation of said contract by defendants as putting an end to the contract for all purposes of performance.''

The defendant says, ''When the plaintiff elected to treat the defendant's breach of the contract . . . 'as putting an end to the contract for all purposes of performance', that election put an end to the contract for all purposes of performance *on the part of both parties to the contract.*'' This may be so, but the plaintiff's election did not put an end to the contract for the purpose of collecting damages for its breach. The contract was still open for such damages as the plaintiff was entitled to recover, as stated in the cases heretofore quoted, and see 6 California Jurisprudence, 465, note 18, and cases cited.

While the defendant was still engaged in repudiating the contract, the following took place: ''A few days later he [Hammer for the plaintiff] called me again and asked me what had been decided about the money. I told him that the station would pay for the amount of news service that had been rendered to the station up to date, and asked him if that would be satisfactory. He said it would be as far as he was concerned, but it would have to be taken up with the New York office and suggested that I send the check to New York, which I did.'' The plaintiff refused to accept the payments down to date in full settlement. The plaintiff was not electing to abandon the contract for all purposes. There is substantial evidence to sustain the findings of the trial court.

Judgment affirmed.

Wood, J., and McComb, J., concurred.