118

WILLARD C. HARTLEY, Appellant, v. EARLE S. WELLER, Respondent.

J. Q. Gilchrist for Appellant.

Raymond Tremaine and Robert J. McGowan for Respondent.

HANSON, J. pro tem.—The question presented is whether the second amended complaint stated a sufficient cause of action in damages for the breach of an oral agreement to form a limited partnership to conduct an oil-well drilling business. The trial court sustained a general and special demurrer to

the second amended complaint, but gave plaintiff leave to amend. The plaintiff elected not to do so and appeals.

The complaint avers an oral agreement under the terms of which the parties agreed to enter into a limited partnership with their rights and liabilities to be governed by the terms of an unsigned written partnership agreement which is set forth as an exhibit. That document discloses that the defendant was to be a limited partner and the plaintiff a general partner.

The complaint does not allege the existence of a partnership between the parties but merely an agreement to form a partnership. The complaint goes on to aver that the defendant refused to execute the written partnership agreement (which would have created a partnership), and as a consequence the plaintiff was damaged in that he expended, in anticipation of the execution of the document, for gas, oil, hotel accommodations and attorney's fees the sum of $227.46 and was caused to lose three weeks of his time of the reasonable value of $325. Additionally he avers that he had procured prior to the oral agreement a contract with a drilling company to assign contracts it had to drill wells which at the time of the oral agreement the parties had orally agreed should be assigned to the proposed partnership. It is then averred that due to the refusal of the defendant to enter into the partnership agreement, the drilling contract was lost to the damage of plaintiff in the sum of $4,100 being one half of the net profit the drilling company derived from its contracts for the drilling of the wells, the total profit of $8,200 being what the partnership would have received.

Under the substantive law which is here controlling, it is plain, that the only damages the plaintiff was entitled to recover, and as to which he could state a good cause of action, were such as were proximately caused by the breach, or which, in the ordinary course of things, would be likely to result from such a breach. (Civ. Code, § 3300.) The profits which might or might not ensue from the drilling contract could not be recovered as they were too speculative. The profits the drilling company actually received from drilling the wells are no criterion as to the profits the proposed partnership could have derived from the drilling contract had it been assigned to the proposed partnership. The ability of the drilling company to make profits in the drilling of these or any other wells, has no tendency to show that the members of the proposed partnership had any such ability. Had it been launched it

would still have been an inexperienced partnership without a history even though the individual members may have had the experience and the history.

■ There remains to consider the allegation of the complaint that appellant expended the sum of $227.46 and additionally was caused to lose the value of his services in the sum of $325. For aught that is disclosed in the complaint appellant incurred this damage voluntarily. The complaint does not charge that respondent had actually or impliedly requested appellant to render any services or incur any indebtedness in his behalf or that of the proposed partnership which would give rise to an obligation therefor in favor of appellant. Even if the partnership had been launched the items would not have been a liability of the partnership short of a ratification thereof. In short, the items were not incurred by appellant as a partner, as none was in existence, and they were not incurred as an agent for respondent as no agency was alleged. Accordingly, the plaintiff-appellant failed to state a cause of action for these alleged damages aggregating $552.46.

The judgment entered upon the order sustaining the demurrer is affirmed.

White, P. J., and Drapeau, J., concurred.