[Civ. No. 23295.   Second Dist., Div. Two.   Dec. 19, 1958.]

CLARENCE BRAXDALE, Respondent, v. AGNES BANGE,
Appellant.

Jos. M. Wapner for Appellant.

Saul B. Miners for Respondent.

ASHBURN, J.—Action for damages for breach of contract to form a partnership. The court awarded plaintiff damages of $1,000 and defendant appeals.

The basic agreement was in writing and reads:

"PROPOSAL TO FORM A PARTNERSHIP

"September 28, 1956

"We propose to form the Bange Development Company, a partnership, for the purpose of constructing, operating and selling residential income units on the real property known as 5327 Santa Monica Blvd.

"The partnership shall consist of the following:

"1. Clarence Braxdale, general contractor, who herewith agrees to provide plans, construct and manage the proposed structure in the capacity of general partner with the right to one-half of the net profit of the project for his services.

"2. Agnes Bange, present owner of subject property, who herewith agrees to invest her unencumbered lot at an expressed value of $25,000.00 (This sum to represent her investment, and upon sale of the completed units she shall be reimbursed in this amount before any division of the net profits— of which she shall also receive her proportionate share.

"3. Any individual or individuals whose financial aid must be secured to the full completion of the project and who will share in the profit according to the amount of their investment.

"This proposal shall not be binding upon any parties signing unless adequate finances are assured to support the entire endeavor.

"Date: Sept. 28, 1956        Clarence Braxdale

                              Clarence Braxdale

"Date:                          Agnes W. Bange

                              Agnes Bange      "

The trial judge made findings which, in paragraphs I, II, III and IV, are a paraphrasing of the above quoted agreement. He also found that plaintiff agreed to furnish within a reasonable time necessary finances in the form of a building loan of $45,000 to $51,000, and to invest individually or through nominees such additional sums as might be necessary for completion of the project; that plaintiff, between September 28, 1956 and November 21, 1956, and within a reasonable time, performed services in connection with the venture which, exclusive of architectural services, included the conception and preparation of preliminary sketches for a 17-unit apartment house to be erected on defendant's land, contacting financial institutions in an effort to procure a building loan, ascertaining the cost of construction of said proposed apartment house, interviewing subcontractors and materialmen, obtaining bids from subcontractors, having available for investment sufficient moneys to complete said venture; that plaintiff ascertained the estimated cost of construction to be approximately $68,900 and that a building loan could be obtained of approximately $50,000; that plaintiff had available and was ready to invest whatever sums were necessary to complete the project over and above the construction loan; that defendant on or about November 23, 1956, sold the lot upon which the building was to be erected for the sum of $30,000, and refused and failed to invest the said lot in the partnership as agreed; that 60 days was not an unreasonable time within which plaintiff should provide for completion of plans and procuring of necessary financing; that the procuring of a construction loan was frustrated by defendant's acts; that her breach of contract prevented plaintiff from completing performance of the provisions of the agreement on his part to be performed, and as a result thereof he suffered damages; that the value of said services rendered by plaintiff, exclusive of architectural services, was $1,000 and plaintiff was damaged in said sum.

■ It is settled that an action at law will lie for breach of an agreement to form a partnership when its terms are not void for uncertainty or want of mutuality. (37 Cal.Jur.2d § 18, p. 557; § 81, p. 684; 68 C.J.S. § 11, pp. 418-419; § 111, p. 555; 40 Am.Jur., § 27, p. 142; § 498, p. 470.)

■ The case was tried and decided long before the decision of *Mattei* v. *Hopper,* 51 Cal.2d 119 [330 P.2d 625], but the trial judge seems to have anticipated it and to have held impliedly that there was no want of mutuality or of consideration. The attorneys argue the point, and defendant testified that she relied upon the last paragraph of the contract when she sold her lot and thus prevented further performance on the part of plaintiff. The Mattei reasoning requires a holding that the last paragraph of the instant agreement does not render it unenforceable, but operates to afford a reasonable time (no specific period being mentioned) for the arranging of necessary finances and performance of plaintiff's other obligations. The court ruled that the contract could be supplemented by parol for the purpose of determining where the obligation to raise the finances lay; having done so, it found upon adequate evidence that plaintiff had undertaken that burden; that 60 days would not be more than a reasonable time to perform; that plaintiff in less than 60 days had virtually accomplished that task when defendant notified him of the sale of her lot and thus made the accomplishment of the venture impossible. There appears to be no error in this holding.

■ The finding of damage is attacked as unsupported by the evidence. Plaintiff valued his services in planning the structure, getting bids from subcontractors, arranging for financing and the like, at $10 an hour; said he spent 240 working hours of which 80 hours were expended after the plans were completed. His over-all valuation of the services was $3,000. The judge ruled that preliminary plans are not architect's services (*W. M. Ballard Corp.* v. *Dougherty,* 106 Cal.App.2d 35, 42 [234 P.2d 745]) but that final plans fall in that category and as plaintiff was licensed as a contractor, not as an architect, he could not recover for plans other than the preliminary ones. In effect this is a ruling that plaintiff did not come within the exception of Business and Professions Code, section 5537, which relates to plans or drawings for one's own buildings (5 Cal.Jur.2d § 6, p. 128). It is unnecessary for us to determine whether this ruling was correct. Allowing $800

for other services and $200 for preliminary plans would justify the award of $1,000; and that process finds support in the record.

█ Relying upon *Hartley* v. *Weller*, 104 Cal.App.2d 118, 120 [231 P.2d 133] (no application for hearing in Supreme Court), appellant argues that the services of plaintiff were not performed for the benefit of defendant or at her request and, as the partnership had not come into being, there could be no recovery against her for such services. The Hartley case is distinguishable upon the facts. The award at bar was made as an assessment of damages, not by way of an assumpsit, which seems to be the standpoint from which the matter was viewed in Hartley. (See *Webster* v. *Beau*, 77 Wash. 444 [137 P. 1013, 1016, 51 L.R.A. N.S. 81], as to the propriety of such an award.) Moreover, the Hartley opinion says: "For aught that is disclosed in the complaint appellant incurred this damage voluntarily. The complaint does not charge that respondent had actually or impliedly requested appellant to render any services or incur any indebtedness in his behalf or that of the proposed partnership which would give rise to an obligation therefor in favor of appellant." (P. 120.) In the case before us plaintiff was obligated by contract to render the services for which he was awarded compensation and thus in a sense appellant did "actually or impliedly request[ed] [respondent] to render [those] services." We do not consider the Hartley decision to be controlling here.

█ The original agreement was procured for plaintiff by Mrs. Doris Drake, a real estate broker who was associated with him and acting as his agent in setting up the deal. When defendant telephoned her that she had sold the lot but was not sure the sale would go through, Mrs. Drake said: "Well, if it shouldn't, then we still have a deal." Counsel for appellant now asserts this to have worked a rescission, although defendant herself testified: "THE COURT: What did you say; that if the sale didn't go through, you still had the deal? A. No, I don't believe so. I don't believe I gave her any answer at all. I might have said, 'The deal is going through.'" The trial judge correctly ruled that there was no showing that Mrs. Drake was plaintiff's agent for any such purpose as rescission or waiver of breach of contract. He was also warranted in finding that there was no rescission or acquiescence in defendant's breach, which ruling is implicit in the formal findings signed by the court.

Appellant's claim that the findings are uncertain, contradictory and inconsistent, cannot prevail for we find no merit in it.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.