[Civ. No. 9342.  Fourth Dist., Div. One.  Nov. 20, 1969.]

JEROME J. MAYO, as Executor, etc., Plaintiff, Cross-defendant
and Appellant, v.
PACIFIC PROJECT CONSULTANTS, INC., Defendant,
Cross-complainant and Respondent.

1014

## COUNSEL

Marvin M. Chesebro and Abe Mutchnik, for Plaintiff, Cross-defendant and Appellant.

J. A. Donnelley and John V. Stanley, for Defendant, Cross-complainant and Respondent.

## OPINION

**COUGHLIN, J.**—Plaintiff, as executor of the estate of Stanley L. Kelly, deceased, appeals from a judgment on a cross-complaint awarding defendant $8,704.30 upon a breach by Kelly of a Joint Venture Agreement between him and defendant in part performance of which the latter furnished services and advanced money.

The Joint Venture Agreement was evidenced by an instrument in writing dated June 15, 1964, and four subsequent addenda thereto. The purpose of the agreement was the development and improvement of land owned by Kelly. Defendant, among other things, agreed to produce a master plan for the improvements; perform the required design and engineering work; secure necessary financing; and supervise construction. The land was to be improved in phases in accord with the master plan produced by defendant. Upon conclusion of each phase the parties were to share the improved land pursuant to a designated formula. All proceeds from the land were to be the property of the joint venture. The land was subject to "recorded deed restrictions" upon its use in favor of adjoining land owned by Kelly or his relatives. Kelly agreed to cooperate in an effort to obtain more favorable deed restrictions which would make the land more suitable for the purpose of the joint venture. It was understood all improvements were to be within the existing restrictions unless and until these restrictions were released. However, Kelly assured defendant he could obtain appropriate releases from his relatives. Title to the land appropriated to a particular phase of the

development was to remain in Kelly "until such time as needed for the acquisition of funds for construction."

On June 18, 1965, Kelly notified defendant he rescinded the Joint Venture Agreement upon the grounds the provisions thereof were vague and uncertain; a lack and failure of consideration; he entered into the agreement in reliance upon misrepresentations by defendant; and defendant had not performed as promised.

On July 10, 1965, Kelly died. Thereafter plaintiff was appointed executor of his estate, and brought this action to effect a cancellation of the Joint Venture Agreement pursuant to the notice of rescission given by Kelly, on the grounds stated therein; to obtain a declaratory judgment in the premises; for damages on account of slander of title; and to quiet title to the land in question. Defendant answered denying the material allegations in the complaint, and in an amended cross-complaint alleged, among other things, Kelly "became liable to defendant for services rendered and monies advanced in the sum of Eighty Thousand Dollars ($80,000.00)"; a creditor's claim therefor had been filed; the claim was rejected by plaintiff; and no part thereof had been paid.

The trial court found "defendant performed substantial services toward development of said property and expended moneys and substantial time and effort on the joint venture" of the reasonable value of $17,408.59; Kelly failed to cause the deed restrictions applicable to his land to be removed in order that the joint venture could proceed, and contributed nothing to the joint venture; defendant should recover from plaintiffs only one-half of the reasonable value of the services rendered and moneys advanced, i.e., $8,704.30, because of a provision in the agreement respecting sharing of losses; defendant claims no interest in the property; and the allegations asserting facts as ground for rescission were untrue.

The evidence establishes as a matter of law Kelly notified defendant he rescinded the contract. His rescission, as found by the court, was without legal cause. The rescission and the subsequent action to quiet title to the land against any claim by defendant to an interest therein under the Joint Venture Agreement constituted a repudiation of that agreement. (cf. *Martin* v. *Burris*, 57 Cal.App. 739, 741 [208 P. 174].)

The action of defendant in claiming the reasonable value of the services rendered and moneys advanced by it in part performance of its obligation under the agreement, under principles of law hereinafter stated, constituted an election to treat Kelly's repudiation of the agreement as a breach, and to pursue one of the remedies provided by law for such a breach.

We conclude the judgment is supported by the application of well-settled principles of law to the facts in the case found by the court upon substantial evidence, admitted by the pleadings, or established by the evidence as a matter of law.

Defendant rendered the services and advanced the money in question pursuant to the agreement in performance of preparatory steps essential to the contemplated development. Alternate plans for development were prepared because Kelly had not obtained a waiver of the deed restrictions. Actual construction upon the land had not commenced when Kelly repudiated the agreement by his notice of rescission. █ Where one party to a contract repudiates an agreement, the other party, at his election, may treat the repudiation as a breach and proceed accordingly. (*Caminetti* v. *Pacific Mut. Life Ins. Co.,* 23 Cal.2d 94, 104 [142 P.2d 741]; *King Features etc. Inc.* v. *KMTR etc. Corp.,* 29 Cal.App.2d 247, 248-250 [84 P.2d 322]; *Atkinson* v. *District Bond Co.,* 5 Cal.App.2d 738, 743 [43 P.2d 867]; *O'Connell* v. *Federal Outfitting Co.,* 5 Cal.App.2d 327, 331-332 [42 P.2d 1070].) █ Defendant's action to recover the reasonable value of services rendered and moneys advanced in part performance of the agreement constituted a consent to the repudiation of the agreement by Kelly, evidenced by his notice of rescission, and an election to treat the repudiation as a breach. █ The judgment quieting title to the land against any claim of interest therein by defendant as a joint adventurer, which was sought and obtained by plaintiff, of necessity is premised upon repudiation of the agreement by Kelly and acceptance thereof by defendant resulting in termination of the joint venture agreement for all purposes except pursuit of one of the alternate remedies prescribed upon a breach. (*Alderson* v. *Houston,* 154 Cal. 1, 11-13 [96 P. 884]; *King Features etc. Inc.* v. *KMTR etc. Corp., supra,* 29 Cal.App.2d 247, 248-249.)[1] In addition, Kelly's intention to repudiate the agreement is established not only by his notice of rescission but also by his previous failure to effect a removal of the deed restrictions which was essential to accomplishment of the purposes of the joint venture. (cf. *Sloan* v. *Stearns,* 137 Cal.App.2d 289, 295 [290 P.2d 382].)

Where one party to a contract partly performs and the other party breaches the agreement, the former, among other things, may treat the contract as rescinded and recover from the latter by common count in

---

[1]We need not determine whether the joint venture agreement conferred on defendant only a contractual interest in Kelly's land, or a present beneficial interest therein under a constructive trust (see *Koyer* v. *Willmon,* 150 Cal. 785, 787 [90 P. 135]; *Lantz* v. *Stribling,* 130 Cal.App.2d 476, 481 [279 P.2d 112]), because the quiet title judgment decrees the non-existence of any interest in defendant in the land at this time. The basis for this conclusion must be the joint venture agreement, i.e., the source of any interest, has been terminated.

*quantum meruit* for part performance. (*Oliver* v. *Campbell,* 43 Cal.2d 298, 305 [273 P.2d 15]; *Alder* v. *Drudis,* 30 Cal.2d 372, 381 [182 P.2d 195].) When suing upon a common count under these circumstances the plaintiff need not plead the contract and its breach by repudiation or otherwise. (*Oliver* v. *Campbell, supra,* 43 Cal.2d 298, 305.) There is no reason why this rule should not apply to the breach of a contract to engage in a joint venture. (*Braxdale* v. *Bange,* 166 Cal.App.2d 399, 403 [333 P.2d 420]; *San Francisco Iron etc. Co.* v. *American Mill. etc. Co.,* 115 Cal.App. 238, 248-249 [1 P.2d 1008]; see also *Overstreet* v. *Merritt,* 186 Cal. 494, 502 [200 P. 11]; *Alfinito* v. *Sater,* 246 Cal.App.2d 362, 377 [54 Cal.Rptr. 636].) ■ Thus, where one party to a joint venture agreement has partly performed by rendering services and advancing money in furtherance of the joint enterprise and the other co-adventurer repudiates the agreement, the former may sue for breach of contract; is not limited to an action for dissolution and accounting; and by common count may recover the value of the services rendered and the amount of money advanced. (*Barlin* v. *Barlin,* 145 Cal.App.2d 390, 393 [302 P.2d 457]; *Paganucci* v. *Kalpouzos,* 78 Cal.App.2d 714, 717-718 [178 P.2d 62]; *Elsbach* v. *Mulligan,* 58 Cal.App.2d 354, 369 [136 P.2d 651]; *San Francisco Iron etc. Co.* v. *American Mill. etc. Co., supra,* 115 Cal.App. 238, 249; *Keys* v. *Nims,* 43 Cal.App. 1, 10 [184 P. 695].) It is no defense to the action that the party breaching the agreement was not benefited by the part performance. (*Braxdale* v. *Bange, supra,* 166 Cal.App.2d 399, 403; *San Francisco Iron etc. Co.* v. *American Mill. etc. Co., supra,* 115 Cal.App. 238, 249.)

In support of his position the judgment should be reversed, plaintiff makes the following contentions, unmeritorious because premised upon assumed facts he asserts the court found or a misinterpretation of the facts actually found, and upon inapplicable rules of law: ■ (1) Defendant's action is on a common count for services rendered and money advanced *to plaintiff;* the evidence establishes as a matter of law plaintiff did not request such nor receive any benefit therefrom; and under these circumstances, applying established rules of law, he is not liable therefor. (Gen. see *Palmer* v. *Gregg,* 65 Cal.2d 657, 660 [56 Cal.Rptr. 97, 422 P.2d 985]; *Rowell* v. *Crow,* 93 Cal.App.2d 500, 503 [209 P.2d 149].) This contention misconceives the nature of the action. It is not upon a common count to recover for services rendered and money advanced *to plaintiff,* but to recover a loss caused by plaintiff's breach of the Joint Venture Agreement. The rule upon which plaintiff relies is inapplicable. (cf. *Sloan* v. *Stearns, supra,* 137 Cal.App.2d 289, 295; *Boyd* v. *Bargagliotti,* 12 Cal.App. 228, 236-237 [107 P. 150].)

■ (2) The court found the agreement impossible of performance; therefore void; and may not be the basis for a cause of action. The court made

no such finding. Plaintiff erroneously relies on statements by the trial judge in a memorandum opinion as findings of fact. As stated by this court in *Perry v. Jacobsen,* 184 Cal.App.2d 43, 50 [7 Cal.Rptr. 177]: "The final and controlling decision of the trial court is that contained in the written findings of fact required by law. An oral decision of the trial judge may not be substituted for such written findings; may not impeach or modify those findings; and may not add to them." The contention is without factual foundation.

■ (3) The judgment purportedly awards defendant one-half of the loss it sustained in the joint venture; the services rendered and money advanced were its contribution to the venture; plaintiff contributed his land thereto; under settled law upon the failure of a joint venture to which one of the parties has contributed services and the other party has contributed land, the party contributing services may not recover the loss of his contribution from the party contributing land (*Kovacik* v. *Reed,* 49 Cal.2d 166, 169 [315 P.2d 314]; *Drdlik* v. *Ulrich,* 203 Cal.App.2d 360, 364 [21 Cal.Rptr. 642]; *Dugan* v. *Pettijohn,* 134 Cal.App.2d 133, 136 [285 P.2d 339]); and for this reason the judgment is erroneous. There is neither pleading, finding nor evidence plaintiff contributed his land to the joint venture. Furthermore, the rule upon which plaintiff relies in support of this contention is inapplicable. Defendant's cause of action is premised upon a loss occasioned by plaintiff's breach of the agreement, not upon failure of the joint venture. The rules of law heretofore stated support the judgment and outline the theory of law upon which it was premised.

■ (4) The amount awarded defendant is not supported by the evidence. This contention is premised upon the twofold claim the evidence does not support the finding the services for which the award was made were rendered for the joint venture; and does not support the finding respecting the reasonable value thereof. In the main, this contention is an attack upon the weight of the evidence rather than its sufficiency. The evidence on the issue, direct and indirect, was conflicting. ■ It is a fundamental rule on appeal the trial court is the sole arbiter of conflicts in the evidence, conflicting interpretations thereof and conflicting inferences which reasonably may be drawn therefrom. (*Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 246 [259 P.2d 649]; *Cottle* v. *Gibbon,* 200 Cal.App.2d 1, 4 [19 Cal.Rptr. 82].) ■ ■ Plaintiff's claim defendant should not be awarded the reasonable value of the services rendered because the compensation received by its officers who performed the services was not a salary but a return of capital investment, is immaterial to the issue. The services were rendered by defendant through its officers. The compensation paid those officers was evidence of the reasonable value of the services. The source of that compensation is immaterial. Assuming the finding respecting

the value of those services was premised upon evidence showing the compensation received by the persons performing such, it is supported by substantial evidence.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.