IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 5, 2006 Session

## RANDY ALAN BARNES  v.  AMY ROBERTSON BARNES

**Appeal by permission from the Court of Appeals**
**Circuit Court for Shelby County**
**No. CT-003455-03     Hon. George H. Brown, Judge**

---

**No. W2004-01426-SC-R11-CV - Filed on May 17, 2006**

---

In this appeal, we must determine whether the trial court had the authority to enforce the marital dissolution agreement signed by the parties when one of the parties repudiated its terms prior to court approval.  The parties entered into and signed, in the presence of a notary public, a marital dissolution agreement.  Shortly thereafter, the husband filed a complaint for divorce in which he expressed his repudiation of the agreement.  The wife filed a motion to enforce the agreement as a validly executed contract.  The trial court granted the husband a divorce, but enforced the terms of the marital dissolution agreement as a valid contract between the parties.  The Court of Appeals overruled the trial court's enforcement of the agreement, holding that the trial court did not have authority to enter a consent judgment because one of the parties had withdrawn his consent prior to the entry of judgment. We granted the wife's application for permission to appeal and hold that the marital dissolution agreement was an enforceable agreement, and reinstate the opinion of the trial court.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals is Reversed;**
**Decision of Trial Court Reinstated**

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, Jr., JANICE M. HOLDER, and CORNELIA A. CLARK, JJ., joined.

Mitchell D. Moskovitz and Adam N. Cohen, Memphis, Tennessee, for the appellant, Amy Robertson Barnes.

William T. Winchester, Memphis, Tennessee, for the appellee, Randy Alan Barnes.

## OPINION

### Factual Background

Randy Alan Barnes ("Husband") and Amy Robertson Barnes ("Wife") were married on August 9, 1997. One child was born of the marriage on June 2, 2000.

On June 4, 2003, Husband and Wife signed a written "Marital Dissolution Agreement" ("the agreement") in the presence of a notary public who acknowledged their signatures. Wife had obtained a form for the written agreement from the internet. Neither party was represented by counsel at the time they signed the agreement. The agreement provided that Husband pay child support and alimony and divided the marital property.

On June 18, 2003, two weeks after the parties signed the agreement, Husband filed a complaint for divorce. In his complaint, Husband asked that the agreement be disavowed.[1] Wife filed an answer and counter-complaint for divorce in which she denied that the agreement should be set aside; she asked, in the alternative, that the marital property be equitably divided. Wife filed a motion for mediation, which was granted. In mediation, the parties agreed to a parenting plan, but all other issues remained unresolved. Wife then filed a motion to enforce the agreement. Hearing the motion on the day the divorce was set for trial, the trial court held that the agreement was a binding, enforceable contract between the parties. The court then heard testimony concerning grounds for the divorce, at which time Wife admitted to having an affair during the marriage.

The trial court entered an order enforcing the agreement as a contract between the parties, expressly finding that Husband had no valid defense to that contract. The court's final divorce decree awarded Husband a divorce on grounds of inappropriate marital conduct, given Wife's testimony admitting fault. Issues concerning the parties' assets, liabilities, and spousal support were resolved in accordance with the agreement.

Husband appealed. The Court of Appeals did not address the agreement's enforceability as a contract but rather determined that "the real issue presented by this appeal is whether the trial court was in a position to enter a valid consent judgment when it readily appears, from the record, that there was no agreement between the parties at the time the judgment was entered." The intermediate court held that the trial court had erred in adopting the agreement because Husband had withdrawn his consent to the agreement prior to the entry of judgment by the trial court.

We granted Wife's application for permission to appeal.

### Standard of Review

Our review is de novo upon the record of the proceedings below with a presumption of

---

[1] The complaint did not explain on what grounds Husband sought to disavow the agreement.

correctness as to the trial court's factual findings unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d). The trial court's conclusions of law, however, are accorded no such presumption. Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993).

A marital dissolution agreement is a contract and thus is generally subject to the rules governing construction of contracts. Johnson v. Johnson, 37 S.W.3d 892, 896 (Tenn. 2001); Honeycutt v. Honeycutt, 152 S.W.3d 556, 561 (Tenn. Ct. App. 2003). Because "the interpretation of a contract is a matter of law, our review is de novo on the record with no presumption of correctness in the trial court's conclusions of law." Honeycutt, 152 S.W.3d at 561 (citations omitted).

## Analysis

Wife, the appellant, contends that the agreement is a valid and binding contract even though Husband repudiated the terms of the agreement prior to the trial court's entry of judgment incorporating that agreement. Husband, on the other hand, argues that absent his consent at the time the judgment was entered, the agreement was unenforceable. Thus, the question before us is whether a marital dissolution agreement that has been signed by both parties but has then been repudiated by one of the parties prior to the judgment of the trial court is enforceable.

### I. Marital Dissolution Agreement as a Contract

We have previously held that a marital dissolution agreement "is a contract and as such generally is subject to the rules governing construction of contracts." Johnson, 37 S.W.3d at 896; see also Matthews v. Matthews, 148 S.W.2d 3, 11 (Tenn. Ct. App. 1940) (holding that the separation agreement was a valid and enforceable contract absent a showing of fraud or coercion). This is consistent with the Court's treatment of other agreements made respective to marriage, in which we seek to determine the rights of each spouse in the marital property and to resolve other issues, such as spousal support. These types of agreements consistently have been found to be valid and enforceable contracts between the parties. See, e.g., Bratton v. Bratton, 136 S.W.3d 595, 600 (Tenn. 2004) (post-nuptial agreements); Kahn v. Kahn, 756 S.W.2d 685, 694-95 (Tenn. 1988) (prenuptial agreements); Hoyt v. Hoyt, 372 S.W.2d 300, 303-04 (Tenn. 1963) (reconciliation agreements).

Additionally, settlement agreements made during or in contemplation of litigation are enforceable as contracts. See, e.g., Envtl. Abatement, Inc. v. Astrum R.E. Corp., 27 S.W.3d 530, 539 (Tenn. Ct. App. 2000) (stating that "[a] compromise and settlement agreement is merely a contract between the parties to litigation and, as such, issues of enforcability of a settlement agreement are governed by contract law"); Harbour v. Brown for Ulrich, 732 S.W.2d 598, 600 (Tenn. 1987) (stating that a settlement agreement may be "a binding contract, subject to being enforced as other contracts"); Ledbetter v. Ledbetter, 163 S.W.3d 681, 685 (Tenn. 2005) (stating that "a mediated agreement is essentially contractual in nature"). Just as prenuptial and post-nuptial agreements are contracts, and as written marital dissolution agreements reached in mediation are

contracts, so too are written and signed marital dissolution agreements reached independently by the parties.

A marital dissolution agreement may be enforceable as a contract even if one of the parties withdraws consent prior to the entry of judgment by the trial court, so long as the agreement is otherwise a validly enforceable contract.[2] In Matthews, the wife filed a complaint for divorce, alleging that the two separation agreements that she entered into with her husband were fraudulent and void. 148 S.W.2d at 5-6. Despite this clear repudiation by the wife, the Court of Appeals held that the separation agreements were valid and enforceable absent a clear showing of fraud or coercion. Id. at 13.

Recently, this Court addressed the issue of whether a marital dissolution agreement, reached though mediation but not reduced to a signed writing, was enforceable after one of the parties withdrew consent. Ledbetter, 163 S.W.3d at 682. We affirmed the trial court's ruling that the agreement was unenforceable, holding:

[W]e conclude that because Mr. Ledbetter repudiated the terms of the agreement prior to its presentation to the court, the trial court lacked authority to enter a judgment on the agreement. Further, because the agreement had not been reduced to writing and signed by the parties, it is not an enforceable contract.

Id. at 683. The Court in Ledbetter determined that the agreement was not enforceable as a contract because it had not been reduced to writing and, based on evidentiary provisions in Supreme Court Rule 31 (regarding mediation)[3] and Rule 408 of the Rules of Evidence,[4] the agreement should not be enforced as an oral contract. Id. at 685-86.

Unlike the agreement at issue in Ledbetter, the agreement at issue here was reduced to writing and signed by both parties, as witnessed by a notary public. Therefore the agreement is a contract, the enforceability of which is governed by contract law.

---

[2] The Court of Appeals in this case held that the trial court erred in entering a consent judgment after Husband had withdrawn his consent, noting that "[a] valid consent judgment cannot be entered by a court when one party withdraws his consent and this fact is communicated to the court prior to entry of the judgment." Barnes v. Barnes, No. W2004-01426-COA-R3-CV, 2005 WL 517536, *4 (Tenn. Ct. App. March 4, 2005) (quoting Harbour, 732 S.W.2d at 600). However, the trial court did not enter a consent judgment, but rather granted Husband a divorce on the grounds of inappropriate marital conduct and then enforced the terms of the agreement as a contract between the parties.

[3] Tennessee Supreme Court Rule 31, section 7, provides that evidence of conduct or statements made in the course of mediation are inadmissible. Section 10(d) of Rule 31 provides that a mediator is prohibited from presenting evidence of an oral mediation agreement without the consent of the parties.

[4] Tennessee Rule of Evidence 408 provides that evidence of conduct or statements made in compromising or attempting to compromise a claim are not admissible to prove liability for or invalidity of a civil claim.

## II. Enforceability of the Marital Dissolution Agreement

In enforcing the agreement as a contract, the trial court found that Husband did not have a valid defense to the agreement. In his complaint, Husband failed to plead any specific grounds for finding the agreement unenforceable. However, in his deposition, Husband testified that there were two reasons why the agreement should be set aside. First, he alleged that he was under duress at the time he signed the agreement because Wife threatened to remove the children from this state. Second, he alleged that because Wife committed adultery after the agreement was signed, the agreement was no longer valid.

The trial court ruled that Husband's allegations did not amount to the legal definition of duress. Duress is defined as "'a condition of mind produced by the improper external pressure or influence that practically destroys the free agency of a party, and causes him to do and act or make a contract not of his own volition, but under such wrongful external pressure.'" Rainey v. Rainey, 795 S.W.2d 139, 147 (Tenn. Ct. App. 1990) (quoting Simpson v. Harper, 111 S.W.2d 882, 886 (Tenn. Ct. App. 1937)). When such pressure exists "is a question to be determined by the age, sex, intelligence, experience and force of will of the party, the nature of the act, and all the attendant facts and circumstances." Id. (quoting 10 Tenn. Jur. *Duress and Undue Influence* § 3 at 112 (1983)).

Examining these factors, the trial court noted that neither party had a superior bargaining position. Specifically, Husband was forty-one years of age with a college education and employed as a certified public accountant. He was in good physical and emotional health. He was presented with the agreement several weeks prior to his signing the agreement and was capable of having the agreement reviewed by an attorney if he had so desired. The trial court also found that Wife's threat of removing the child was not credible given Wife's job and extended family close to where the parties were living. With respect to Wife's conduct subsequent to the signing of the contract, the trial court determined that it was irrelevant to the contract itself, and Husband conceded the same at trial.

Husband has not raised either defense on appeal. Instead, Husband's primary argument on appeal is that because he repudiated the agreement prior to judicial action, the agreement should be set aside. However, as addressed above, the agreement is an enforceable contract despite Husband's attempt to repudiate the same.

## III. Judicial Estoppel

Husband also argues on appeal that Wife is estopped from seeking to enforce the agreement because she took actions that were inconsistent with its enforcement. These allegedly inconsistent acts include Wife requesting in her counter-complaint that the trial court equitably divide the parties' marital property in accordance with Tennessee Code Annotated section 36-4-121, as well as her filing a motion for mediation.

In this regard, Husband relies on Cothron v. Scott, 446 S.W.2d 533, 535-36 (Tenn. Ct. App. 1969), which provides:

In 31 C.J.S. Estoppel, § 117 p. 623 is found the following:

"The rule is well established that during the course of litigation a party is not permitted to assume or occupy inconsistent and contradictory positions, and while this rule is frequently referred to as 'judicial estoppel,' it more properly is a rule which estops a party to play fast-and-loose with the courts."

The Doctrine of judicial estoppel has been recognized, approved and employed in a number of Tennessee cases . . . .

However, Husband's argument fails to consider Wife's actions in their actual context. Husband's complaint for divorce, which alleged irreconcilable differences, asked that the agreement be set aside. In response, Wife's counter-complaint also alleged irreconcilable differences, but denied that the agreement should be set aside. She alleged, *in the alternative*, that Husband was guilty of inappropriate marital conduct in that Husband was attempting to disavow the agreement and asked for an equitable division of property.

The actions of Wife of which Husband complains are authorized under Rule 8.05(2) of the Tennessee Rules of Civil Procedure, which provides:

A party may set forth two (2) or more statements of a claim or defense alternately or hypothetically. When two (2) or more statements are made in the alternative and one (1) of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he or she has, regardless of consistency.

Thus alternative pleadings are expressly permitted, regardless of consistency, and Wife is not estopped from seeking to enforce the agreement simply by the fact that she asked for, in the alternative, an equitable division of the marital property.

Husband also alleges that because the parties participated in mediation at Wife's request, Wife is estopped from requesting that the agreement be enforced. Again, Wife's request for mediation cannot be viewed as a repudiation of the agreement. Prior to the trial court's ruling on the enforceability of the agreement, the parties had incentive to resolve the dispute through mediation. Furthermore, actions taken or statements made in the course of attempting to settle a claim are inadmissible as evidence of the validity or invalidity of a civil claim. See Tenn. Sup. Ct. R. 31, § 7; Tenn. R. Evid. 408.

*IV.  Condition Precedent*

Finally, Husband argues that it was "unequivocal that as a condition precedent to this [agreement], there must be a divorce filed by Wife against Husband on the basis of Irreconcilable Differences, and nothing else." It is his position that the granting of a divorce on the grounds of irreconcilable differences was a condition precedent. However, Husband never raised this defense at trial. Issues not raised in the trial court cannot be raised for the first time on appeal. See Simpson v. Frontier Cmty. Credit Union, 810 S.W.2d 147, 153 (Tenn. 1991).

Regardless, while the agreement refers to the irreconcilable differences statute, Tennessee Code Annotated section 36-4-103, there is nothing in the agreement that expressly states that it would only be enforceable in the event of an irreconcilable differences divorce. In fact, the agreement specifically provides:

> The parties agree that this Marital Dissolution Agreement, subject to Court approval, shall be incorporated in and made part of any Decree of Divorce which may be entered hereafter.
>
> . . .
>
> Both parties further agree that in the event that neither party should obtain a divorce from the other party, that this agreement will be submitted to the Court hearing the divorce . . . .

(Emphasis added).  Therefore, this issue has no merit.

**Conclusion**

In sum, we hold that the marital dissolution agreement entered into by the parties was a valid and enforceable contract. Husband has provided no valid defense to the agreement's enforcement. Therefore, we affirm the decision of the trial court which resolved the issues relating to marital property, debt and spousal support in accordance with the terms of the agreement.

Costs of this appeal are taxed to Randy Alan Barnes, and his surety, for which execution may issue if necessary.

 

 

_____
WILLIAM M. BARKER, CHIEF JUSTICE