IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 9, 2014 Session

## ANDREA JANOYAN v. JANO JANOYAN

**Appeal from the Chancery Court for Knox County**
**No. 178287-2     Daryl R. Fansler, Chancellor**

_____

**No. E2013-01669-COA-R3-CV-FILED-JANUARY 21, 2015**

_____

This appeal concerns entitlement to attorneys' fees under a marital dissolution agreement after one party's notice of rescission. Wife attempted to rescind her acceptance of the Marital Dissolution Agreement, claiming she was under duress when she entered into the contract. The trial court found that Wife was not under duress and that her attempted rescission was a breach of contract. The trial court also awarded Husband his attorney's fees. On appeal, Wife maintains that her attempted rescission did not constitute a breach of contract and that, in any event, the amount of attorney's fees awarded to Husband was unreasonable. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Steve Merritt, Maryville, Tennessee, for the appellant, Andrea Janoyan.

Andrew S. Roskind and Micha R. Buffington, Knoxville, Tennessee, for the appellee, Jano Janoyan.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2010, Andrea Janoyan ("Wife") filed for divorce from Jano Janoyan ("Husband"). While conducting depositions on April 15, 2011, the parties held an impromptu settlement conference and entered into a written settlement agreement. The

settlement agreement outlined the terms of a proposed martial dissolution agreement and permanent parenting plan. Based on the parties' agreement, Husband's attorney drafted a Marital Dissolution Agreement ("MDA") and permanent parenting plan, which Husband signed on June 9, 2011, and Wife signed on June 14, 2011. On June 27, 2011, however, Wife filed a Notice of Rescission, stating she "hereby rescinds any Parenting Plan or Marital Dissolution Agreement heretofore signed by her relative to this matter."

On August 5, 2011, Husband filed a motion to enforce the settlement agreement, MDA, and parenting plan. He also sought damages related to the delay in finalizing the divorce, including attorney's fees. Husband claimed entitlement to attorney's fees and expenses under paragraph six of the MDA, which provides:

> Should either party incur any expense or legal fees as a result of the breach of any portion of this marital dissolution agreement by the other party, the court shall award reasonable attorney's fees and litigation expenses to the non-defaulting party that were reasonably incurred.

The court held a hearing on both Wife's notice of rescission and Husband's motion to enforce on December 5, 2011. At the hearing, Wife alleged that she was under duress when she signed the agreements and that the MDA failed to equitably divide the parties' assets and debts. Wife claimed that financial and emotional pressure caused her to enter into the agreements. At the time of the settlement conference, the parties' marital home had been sold, and Wife had less than one month to move out of the home and find her own residence. Wife was also unemployed and concerned that she had no means of support. Additionally, Wife claimed that Husband told her "if she ever had any hope of reconciliation or continuing a relationship, she had to reach an agreement that day."

The trial court concluded that Wife was not under duress when she entered into the settlement agreement and MDA, and that the MDA was a valid contract. As a part of its findings of fact and conclusions of law, the court stated from the bench:

> There is no indication that Mrs. Janoyan's decision-making was so unduly influenced by any action of Dr. Janoyan so as to practically destroy her free agency and cause her to do an act and make a contract not of her own volition. Indeed, her own testimony was that part of the reason she agreed to this was so that it would be done early and she would be able to avoid the delays associated with going to trial and would not have to be facing financial uncertainty, as she needed to leave the marital residence and purchase her own residence. That hardly sounds like one who is acting not of their own volition but is weighing the circumstances and deciding that: Even though it might be

a bad situation, I'm willing to take it.

So the Court finds that she has not proven by clear and convincing evidence that – or even by a preponderance of the evidence, for that matter – that this contract was obtained by undue influence.

Although it found that the MDA was not procured by duress, the court did not rule on Husband's request for damages. The court also reserved for a future hearing whether the MDA equitably divided the parties' assets and debts.

An order was not entered until August 10, 2012. By that time, the parties had stipulated that the MDA equitably divided their assets and debts. Then, on September 10, 2012, Wife filed a motion requesting that the court grant her a new hearing or to alter, amend, or set aside its order.

On September 28, 2012, the trial court issued a judgment for divorce and approved the MDA and parenting plan. Wife also filed a motion to alter or amend the divorce decree. Wife alleged that the MDA did not fully dispose of all marital property and that the MDA and parenting plan did not accurately reflect the parties' settlement agreement.

The court conducted a hearing on Wife's motion and Husband's request for damages on January 4, 2013. Husband filed two affidavits summarizing his fees and expenses for responding to "Wife's rescission/duress/inequitable claims." The affidavits included invoices detailing the lawyer's hourly rate, the time spent on each task, and a description of the tasks performed related to the enforcement of the MDA. At the hearing, Wife declined to challenge specific line items in Husband's attorney's affidavit. Rather, Wife challenged the fees in total because she claimed she had not breached the MDA.

On February 8, 2013, the court denied Wife's motion to alter or amend the divorce decree, other than making a minor modification to the parenting plan. The court also ordered both parties to submit memoranda of law on whether Wife's actions constituted a breach of the MDA and Husband's request for attorney's fees.

Following the submission of memoranda, the trial court held a second hearing on Husband's requested attorney's fees and expenses on April 22, 2013. Husband's request had increased to $38,288.38 by the time of the hearing. His attorney filed a third affidavit with an invoice summarizing the additional fees spent to enforce the settlement agreement and MDA. Wife was the only witness at the hearing. Her primary objections to Husband's requested attorney's fees were that: (1) the time charged was not related to whether the MDA was breached; and (2) telephone calls between Husband and his attorney were too long.

The trial court issued a Memorandum Opinion on May 17, 2013, concluding that Wife's rescission of the MDA was a breach of contract and Husband's requested fees were only for "time spent enforcing the mediated settlement agreement." In discussing the requested fees, the court noted:

> The Court observed throughout that there are extensive entries for conversations with Husband. Dr. Janoyan was free to demand as much communication with his lawyer as he desired. However, he is entitled to recover from Mrs. Janoyan only reasonable expenses.
>
> . . . .
>
> The Court also notes that on June 10, 2012, the parties entered into a stipulation whereby they agreed that the Marital Dissolution Agreement provided for the equitable distribution of the marital estate. . . . Once a stipulation was entered, that issue was removed and this case should have been subject to an agreed order. Nevertheless, hours were spent thereafter preparing for hearings, researching the law, and writing briefs. . . . However, he cannot expect Mrs. Janoyan to pay for that after the stipulation was entered.

In a judgment entered on June 18, 2013, the court awarded Husband $32,883.80 in attorney's fees and expenses, a $5,400.00 reduction from the amount requested.

Wife timely appealed the trial court's June 18, 2013 judgment. The issues on appeal are: (1) whether Wife's attempt to rescind the MDA was a breach of contract entitling Husband to an award of attorney's fees under the MDA; and (2) if so, whether the award of attorney's fees to Husband was reasonable.

## II. ANALYSIS

### A. Standard of Review

We review the trial court's factual findings de novo with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006). We review the trial court's conclusions of law de novo, with no presumption of correctness. *Barnes*, 193 S.W.3d at 498. MDAs and settlement agreements are contracts and are subject to the general rules governing contract construction. *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001); *Envtl. Abatement, Inc. v. Astrum R.E. Corp.*, 27 S.W.3d 530, 539 (Tenn. Ct. App. 2000). The interpretation of a contract is a matter of law. *See Honeycutt v. Honeycutt*, 152 S.W.3d 556, 561 (Tenn. Ct. App. 2003).

However, whether a breach of contract has occurred is a question of fact. *Edmunds v. Delta Partners, LLC*, 403 S.W.3d 812, 822 (Tenn. Ct. App. 2012).

The award of attorney's fees in divorce cases is left to the trial court's discretion. *See Storey v. Storey*, 835 S.W.2d 593, 597 (Tenn. Ct. App. 1992). We will not interfere with a trial court's discretionary decision "'except upon a clear showing of abuse of that discretion.'" *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005) (quoting *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995)). A trial court abuses its discretion only if it: (1) applies incorrect legal standards; (2) reaches an illogical conclusion; (3) bases its decision on a clearly erroneous assessment of the evidence; or (4) employs reasoning that causes an injustice to the complaining party. *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *see also Kline v. Eyrich*, 69 S.W.3d 197, 203-04 (Tenn. 2002); *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). In other words, if "'reasonable minds can disagree as to [the] propriety of the decision made,'" the trial court's ruling will be upheld. *Eldridge*, 42 S.W.3d at 85 (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)).

## B. Wife's Attempted Rescission of the MDA

Wife argues that her attempt to rescind the MDA was not a breach of contract. However, a notice of rescission can be a breach of contract if it is wrongful. *See, e.g.*, *GuestHouse Intern., LLC v. Shoney's N. Amer. Corp.*, 330 S.W.3d 166, 200 (Tenn. Ct. App. 2010) (concluding that the three alleged bases for rescission and termination of a contract were invalid, making the rescission and termination a breach of contract); *accord Mayo v. Pacific Project Consultants, Inc.*, 82 Cal. Rptr. 117, 119 (Cal. Ct. App. 1969) (finding that a notice of rescission was without legal cause and thus constituted a repudiation of the contract). A rescission is wrongful if it is not supported by a legal cause, such as fraudulent inducement, innocent misrepresentation, duress, mutual or unilateral mistake, or undue influence. *See GuestHouse Intern.*, 330 S.W.3d at 200; Tenn. Prac. Contract Law & Prac. *Remedies – Rescission* § 6:60 (2014). In this case, we review the trial court's determination that Wife's notice of rescission was wrongful and, therefore, a breach of contract.

Wife attempted to rescind the MDA based on a claim of duress. Duress, if proven, would be sufficient to justify rescission. *See, e.g.*, *Belote v. Henderson*, 45 Tenn. (5 Cold.) 471, 474 (1868); *Williamson v. Upchurch*, 768 S.W.2d 265, 270 (Tenn. Ct. App. 1988). "Duress" is defined as "'a condition of mind produced by the improper external pressure or influence that practically destroys the free agency of a party, and causes him to do an[ ] act or make a contract not of his own volition, but under such wrongful external pressure.'" *Simpson v. Harper*, 111 S.W.2d 882, 886 (Tenn. Ct. App. 1937) (quoting *Pride v. Baker*, 64 S.W. 329, 332 (Tenn. Ct. App. 1901)). When determining whether an individual experienced

duress, the court should consider the "age, sex, intelligence, experience and force of will of the party, the nature of the act, and all the attendant facts and circumstances." *Rainey v. Rainey*, 795 S.W.2d 139, 147 (Tenn. Ct. App. 1990) (quoting 10 Tenn. Jur. *Duress and Undue Influence* § 3 at 112 (1983)).

In *Barnes v. Barnes*, 193 S.W.3d 495 (Tenn. 2006), the husband claimed that the marital dissolution agreement was not enforceable because he was under duress at the time he signed the agreement. *Barnes*, 193 S.W.3d at 499-500. Specifically, he claimed that his wife had threatened to remove their children from Tennessee unless he signed the agreement. *Id.* at 500. Our Supreme Court concluded that the husband's allegations did not amount to duress because neither party had a superior bargaining position. *Id.* The court noted several circumstances surrounding the creation of the martial dissolution agreement that weighed against a finding of duress: (1) the husband had a college education; (2) he was in good health; (3) he had sufficient time for an attorney to review the agreement; and (4) the wife's threat of removing the children was not credible. *Id.*

Like the husband in *Barnes*, Wife had a college degree, and there is no evidence she was in poor health at the time she entered into the MDA. There is also no evidence in the record that Husband made any threats that would have coerced Wife into signing the MDA. Wife claims that Husband compelled her to sign the settlement agreement and MDA because he told her there would be no hope for reconciliation between them if she did not sign the settlement agreement. Although this ultimatum may have put emotional stress on Wife, it does not amount to legal duress. *See McMahan v. McMahan*, No. E2004-03032-COA-R3-CV, 2005 WL 3287475, at *9 (Tenn. Ct. App. Dec. 5, 2005) (concluding that husband's threat to "destroy" wife if their divorce proceeded to trial did not amount to duress).

Additionally, the record does not indicate that the disparity between Husband's and Wife's incomes was sufficient to constitute legal duress. Although Wife's financial situation at the settlement conference certainly could have created a sense of urgency, the pressure was not wrongfully created by Husband to overcome Wife's will. The record indicates that at the time she signed the MDA, Wife was willing to accept a lower financial settlement in order to avoid extensive divorce proceedings. Her decision to enter into the MDA was a voluntary and calculated one, not one made under improper pressure. Perhaps most importantly, Wife was represented by independent counsel who was capable of explaining the terms of the contract to her.

In sum, we conclude that the evidence does not preponderate against the trial court's finding that Wife was not under duress when she signed the settlement agreement and MDA. Absent duress, the trial court properly found that Wife's notice of rescission was wrongful and a breach of contract.

## C. Reasonableness of Fees

Because Wife's rescission of the MDA was wrongful, Husband claimed attorney's fees under paragraph six of the parties' MDA, which provides for the award of "reasonable attorney's fees and litigation expenses to the non-defaulting party" in the event of the other party's breach. In a divorce case, the party requesting attorney's fees has the burden to establish a prima facie claim for reasonable attorney's fees. *Wilson Mgmt. Co. v. Star Distribs. Co.*, 745 S.W.2d 870, 873 (Tenn. 1988). The requesting party ordinarily carries this burden by offering an affidavit by the lawyer who performed the work. *Hennessee v. Wood Grp. Enters., Inc.*, 816 S.W.2d 35, 37 (Tenn. Ct. App. 1991). A party opposing the fees request is entitled to a "fair opportunity to cross-examine the requesting [party's] witnesses and to present proof of its own." *Sherrod v. Wix*, 849 S.W.2d 780, 785 (Tenn. Ct. App. 1992). However, the trial court need not have a "fully developed record of the nature of the services rendered" in order to award attorney's fees in a divorce case. *Kahn v. Kahn*, 756 S.W.2d 685, 696 (Tenn. 1988). A trial judge may fix the award of attorney's fees "with or without expert testimony of lawyers and with or without a prima facie showing by plaintiffs of what a reasonable fee would be." *Wilson Mgmt.*, 745 S.W.2d at 873.

If a trial judge awards attorney's fees without first hearing the moving party's proof on reasonableness, "it is *incumbent* upon the party challenging the fee [to request a] hearing" on the reasonableness of the fees awarded. *Kline*, 69 S.W.3d at 210; *see also Kahn*, 756 S.W.2d at 697. Alternatively, the party challenging the fees could convince the appellate court that he was denied the opportunity to have a hearing on the reasonableness of the fees through no fault of his own. *Kahn*, 756 S.W.3d at 697. This Court will not reverse a trial court's award of attorney's fees merely because the record does not contain proof establishing the reasonableness of the fees. *Kline*, 69 S.W.3d at 210. The record must contain some evidence showing that an award of attorney's fees is unreasonable before a reversal of the fees is justified. *Id.* However, the record should contain at least an affidavit of the lawyer's hourly rate and time spent on the case. *See Miller v. Miller*, 336 S.W.3d 578, 587 (Tenn. Ct. App. 2010).

In this case, Husband's attorney filed three affidavits summarizing the fees spent to enforce the MDA following Wife's attempted rescission. The affidavits established Husband's prima facie claim for reasonable attorney's fees. As the party opposed to the award of attorney's fees, Wife had an opportunity to cross-examine Husband's witnesses and to present proof of her own at the January 4, 2013 and April 22, 2013 hearings. Wife declined to present any testimony or cross-examine any witnesses at the January 4, 2013 hearing. At the April 22, 2013 hearing, Wife offered only her own testimony in opposition to Husband's request for attorney's fees. She testified that Husband's attorney's fees were unreasonable primarily for two reasons: (1) the length of telephone calls was longer than

average, according to her attorney's estimates; and (2) the purpose of the tasks was unrelated to the alleged breach of the MDA.

The trial court found that all of the requested fees were related to the enforcement of the MDA, and the evidence does not preponderate otherwise. However, the trial court reduced the requested amount by $5,400.00 and awarded Husband $32,883.80 in attorney's fees and expenses. After consideration of the factors outlined in *Connors v. Connors*, 594 S.W.2d 672 (Tenn. 1980), Tennessee Supreme Court Rule 8, and Tennessee Rule of Professional Conduct 1.5, the trial court determined that the remaining fee, $32,883.80, was reasonable. *See Connors*, 594 S.W.2d at 676-77. We conclude that the trial court did not abuse its discretion and that the award of attorney's fees to Husband was reasonable. *See Kline*, 69 S.W.3d at 210.

### III. CONCLUSION

We affirm the trial court's judgment concluding that Wife's attempted rescission of the MDA was a breach of contract and awarding Husband $32,883.80 in attorney's fees. Costs of this appeal shall be taxed to Appellant, Andrea Janoyan, for which execution may issue if necessary.

_____
W. NEAL McBRAYER, JUDGE