IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2024

## ROBERT WILLIAM DEL VICARIO v. PAMELA JOY MILLER

**Appeal from the General Sessions Court for Wilson County**
**No. 2023-DC-119     A. Ensley Hagan, Jr., Judge**

_____

### No. M2024-00475-COA-T10B-CV

_____

In a divorce action, the wife moved for recusal of the trial judge. The motion was denied and the wife appealed pursuant to Tenn. Sup. Ct. R. 10B. Because the wife waited too long to file her motion, we affirm the denial of the motion to recuse.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the General Sessions Court Affirmed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CARMA DENNIS MCGEE and KRISTI M. DAVIS, JJ., joined.

Tiffany Dawn Hagar, Lebanon, Tennessee, for the appellant, Pamela Joy Miller.

Lewis A. Williams, Nashville, Tennessee, for the appellee, Robert William Del Vicario.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

On August 14, 2023, Robert William Del Vicario ("Husband") filed a suit for divorce against his wife, Pamela Joy Miller ("Wife"), in Division III of the General Sessions Court of Wilson County. At least two hearings were held in which Wife claims that statements the trial judge made demonstrated bias. She filed a motion to recuse the trial judge on February 13, 2024, which was heard on March 5, 2024, and denied on March 8, 2024. Wife filed an interlocutory appeal pursuant to Tenn. Sup. Ct. R. 10B.

#### ANALYSIS

The Rule 10B standard of review is de novo. TENN. SUP. CT. R. 10B, § 2.01. After examination of the Rule 10B petition, we have determined that no additional briefing or

oral argument is required, and we choose to act summarily on the appeal in accordance with Rule 10B, §§ 2.05 and 2.06.

In her Rule 10B petition, Wife raises more examples of alleged bias than in her motion for recusal filed with the trial court. As an appellate court, we will not consider arguments not presented to the court below. *See Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006) ("Issues not raised in the trial court cannot be raised for the first time on appeal."). We will limit our consideration to the arguments made in the motion for recusal.

Wife maintains that two statements made in a September 27, 2023 hearing "showed bias and impropriety by focusing its ruling on the child's masturbation instead of the testimony of [Wife's] good parenting and [Husband's] inappropriate behaviors towards [Wife] and the minor child." She also complains of not being able to present her side of the case. We need not go into detail regarding the September 27 hearing or the trial judge's statements because Wife waited too late to assert her claim of bias. Tennessee Supreme Court Rule 10B, section 1.01 states:

> Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a written motion *filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal*."

(emphasis added). "A delay in asserting the right to an impartial judge will result 'in a waiver of a party's right to question a judge's impartiality.'" *Harris v. Allen*, No. W2023-01794-COA-T10B-CV, 2024 WL 137453, at *2 (Tenn. Ct. App. Jan. 11, 2024) (quoting *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998)). Waiting to act upon these alleged biased remarks from September 27, 2023 to February 13, 2024, is not consistent with Rule 10B's requirement of promptness.

Wife also avers that the trial court made several statements during a hearing on November 27, 2023, that reflect bias. Again, she waited too long to assert her claim. She delayed raising her claim for two and a half months – from the November 27, 2023 hearing until she filed the motion to for recusal in the trial court on February 13, 2024. We have found that such delays are too long. *See Adams v. Dunavant*, Nos. W2022-01747-COA-T10B-CV, W2022-01762-COA-T10B-CV, W2022-01763-COA-T10B-CV, W2022-01770-COA-T10B-CV, W2022-01771-COA-T10B-CV, 2023 WL 1769356, at *3 (Tenn. Ct. App. Feb. 3, 2023) (involving a delay of two and a half months); *Dialysis Clinic, Inc. v. Medley*, No. M2017-00269-COA-T10B-CV, 2017 WL 1137100, at *6-7 (Tenn. Ct. App. Mar. 27, 2017) (involving a delay of nearly two months).

Because Wife did not file her motion for recusal promptly in accordance with Tenn. Sup. Ct. R. 10B, §1.01, we must conclude that she may not now argue that recusal is warranted based on statements made during the September 27 and November 27 hearings.

CONCLUSION

The trial court's decision denying the motion to recuse is affirmed and the matter is remanded to the trial court for further proceedings consistent with this opinion.  Costs are assessed against the appellant, Pamela Joy Miller, for which execution may issue if necessary.


/s/ Andy D. Bennett

ANDY D. BENNETT, JUDGE