# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned On Briefs January 29, 2014

## IN RE: RIANNAH M.F.

**Direct Appeal from the Chancery Court for Hardin County**
**No. AD94     Charles C. McGinley, Judge**

---

**No. W2013-02057-COA-R3-PT - Filed February 28, 2014**

---

The trial court found that Petitioners had failed to demonstrate willful abandonment in this action to terminate the parental rights of Mother. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Joe L. Brown, Savannah, Tennessee, for the Appellants, Father and Step-Mother.

Paul Simpson, Selmer, Tennessee, for the Appellee, Mother.

Carma Dennis McGee, Guardian Ad Litem.

## MEMORANDUM OPINION[1]

This is a termination of parental rights case in which the relevant facts are largely undisputed. Riannah M. F. was born in May 2008 to unmarried parents. Custody of Riannah was with Mother until October 2010. On October 22, 2010, the juvenile court for Hardin

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

County entered an *ex parte* order bringing Riannah into protective custody and placing her in the temporary custody of Father. Following a hearing in November 2010, the juvenile court found that probable cause existed that Riannah was dependent and neglected, extended temporary emergency custody, and ordered Mother and Father to submit to drug testing. Following a hearing on December 13, 2010, the juvenile court found that Mother had failed her drug test and had failed to attend the hearing. By order entered December 16, 2010, the juvenile court ordered Mother to complete alcohol and drug treatment and to "file a motion with [the] [c]ourt before receiving visitation" with Riannah. The juvenile court specifically reserved issues of child support and visitation. On February 3, 2011, the juvenile court entered an amended order again requiring Mother to complete alcohol and drug treatment and to file a motion before receiving visitation, again reserving issues of child support and visitation.

In April 2012, Father and his wife filed a petition for termination of Mother's parental rights and for adoption of Riannah by Father's wife in the Chancery Court for Hardin County. In their petition, Father and his wife (hereinafter, collectively, "Father") asserted that Mother had "willfully failed and refused to visit" Riannah and not paid child support for a period exceeding four months prior to the filing of the petition, and sought termination of Mother's parental rights based on abandonment. They further asserted that the whereabouts of Mother were unknown, that attempts to locate her family had been unsuccessful, that she was rumored to have left the State with her boyfriend, and that she could not be located for service of process. Publication notice was made for four consecutive weeks in April 2010 in *The Savannah Courier*.

Mother, who apparently in fact resided in Lexington, Tennessee, filed a response by letter in May 2012 and answered the petition on January 2013. Following a hearing on June 4, 2013, the trial court found that Mother had not supported Riannah, set Mother's child support obligation at $150.00 per month to be paid to the Guardian Ad Litem, and re-set the matter for August 6, 2013. Following a hearing on August 6, the trial court determined that Father had failed to demonstrate, by clear and convincing evidence, that Mother had willfully failed to visit or pay child support. It accordingly dismissed Father's petition and ordered the matter transferred to the juvenile court to set Mother's child support obligation and establish visitation. The trial court entered final judgment in the matter on August 14, 2013, and Father filed a timely notice of appeal to this Court.[2]

---

[2]By correspondence dated January 27, 2014, counsel for Mother informed the Court that Mother would rely on the record and did not intend to file a brief in the matter.

## *Issue Presented*

The issue presented for our review, as we perceive it, is whether the trial court erred by dismissing Father's petition to terminate Mother's parental rights on the ground of abandonment.

## *Standard of Review*

We review findings of facts of a trial court sitting without a jury *de novo* upon the record with a presumption of correctness unless the preponderance of the evidence is otherwise. *In Re Angela E.*, 303 S.W.3d 240, 246 (Tenn. 2010) (citation omitted); Tenn. R. App. P. 13(d). Insofar as a factual finding is based on the trial court's assessment of witness credibility, we will not reverse that finding absent clear and convincing evidence to the contrary. *In Re: M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005). No presumption of correctness attaches, however, to a trial court's conclusions on issues of law. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App. P. 13(d). A trial court's conclusion regarding whether the facts of the case support a statutory ground for termination of parental rights is a question of law that we review *de novo* with no presumption of correctness. *In re Adoption of A.M.H.*, 215 S.W.3d 793, 810 (Tenn. 2007) (citation omitted).

Tennessee Code Annotated § 36–1–113 governs the termination of parental rights. The Code provides, in pertinent part:

> (c) Termination of parental or guardianship rights must be based upon:
> (1) A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and
> (2) That termination of the parent's or guardian's rights is in the best interests of the child.

Tenn. Code Ann. § 36-1-113(c)(2010). Accordingly, every termination case requires the court to determine whether the parent has engaged in a course of action or inaction that constitutes one of the statutory grounds for termination. A parent may not be deprived of their fundamental right to the custody and control of their child unless clear and convincing evidence supports a finding that a statutory ground for termination exists and that termination is in the best interests of the child. Tenn. Code Ann. § 36-1-113(c)(2010). The "clear and convincing evidence" standard is more exacting than the "preponderance of the evidence" standard, but does not require the certainty demanded by the "beyond a reasonable doubt" standard. *In Re: M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App.2005). Clear and convincing evidence is evidence that eliminates any substantial doubt and that produces in the fact-

finder's mind a firm conviction as to the truth. *Id*.

This heightened burden of proof in parental termination cases requires us to distinguish between the trial court's findings with respect to specific facts and the "combined weight of these facts." *In Re: Michael C. M.*, No. W2010-01511-COA-R3-PT, 2010 WL 4366070, at *2 (Tenn. Ct. App. Nov. 5, 2010) (*no perm. app. filed*) (quoting *In Re: M.J.B.*, 140 S.W.3d 643, 654 n.35 (Tenn. Ct. App. 2004)). Although we presume the trial court's specific findings of fact to be correct if they are supported by a preponderance of the evidence, we "must then determine whether the combined weight of these facts provides clear and convincing evidence supporting the trial court's ultimate factual conclusion." *Id.*

### *Discussion*

We begin our discussion with two observations. First, we note that in his brief Father urges that clear and convincing evidence supports termination of Mother's parental rights on the statutory grounds of abandonment and persistence of conditions. Father did not assert persistence of conditions as a ground for termination in the trial court, however, and he cannot assert it for the first time here. *Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006)(issues not raised or asserted in the trial court may not be raised for the first time on appeal; *In re Anthony R.*, No. M2012-01412-COA-R3-PT, 2013 WL 500829, at *1 (Tenn. Ct. App. Feb. 8, 2013)(reversing termination of parental rights on a ground not pled in petition). Second, we observe that the trial court made no findings of fact in its August 2013 order other than to state that Father had failed to demonstrate willful failure to visit or support. The trial court also did not incorporate its oral rulings into its written order. Rule 52.01 of the Tennessee Rules of Civil Procedure requires trial courts to make findings of fact and conclusions of law in their written orders to support their rulings. The Rule provides:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Tenn. R. Civ. P. 52.01. When a trial court fails to comply with the mandates of Rule 52.01, we will generally vacate the trial court's judgment and remand the matter for written findings of fact and conclusions of law. *Acuff Inern., Inc. v. Sanyo Mfg. Corp.*, No. W2013-01146-COA-R3-CV, 2014 WL 346661, at *4 (Tenn. Ct. App. Jan. 30, 2014)(citation omitted). We may, however, "soldier on" if the legal issue is clear and we can readily ascertain the basis for the trial court's decision. *Id.* (citations omitted). In this case, the facts are largely

undisputed, the trial court specified its reasons for dismissing Father's petition at the conclusion of the hearing of this matter, and it is clear that the trial court determined that Father had not carried his burden to demonstrate that Mother's failure to visit or support Riannah was willful in light of the orders entered by the juvenile court. We accordingly will "soldier on" notwithstanding the lack of specific findings in the trial court's final order.

For purposes of terminating the parental or guardian rights of parent(s) or guardian(s) of a child to that child in order to make that child available for adoption, "abandonment" means that:

> (i) For a period of four (4) consecutive months immediately preceding the filing of a proceeding or pleading to terminate the parental rights of the parent(s) or guardian(s) of the child who is the subject of the petition for termination of parental rights or adoption, that the parent(s) or guardian(s) either have willfully failed to visit or have willfully failed to support or have willfully failed to make reasonable payments toward the support of the child[.]

Tenn. Code Ann. § 36-1-102(1)(A)(i)(2010). "[W]illfully failed to support" or "willfully failed to make reasonable payments toward such child's support" means "the willful failure, for a period of four (4) consecutive months, to provide monetary support or the willful failure to provide more than token payments toward the support of the child." Tenn. Code Ann. § 36-1-102(1)(D) (2010). Section 36-1-102(1)(G) provides that "it shall not be required that a parent be shown to have evinced a settled purpose to forego all parental rights and responsibilities in order for a determination of abandonment to be made." It is well-settled that the failure of a parent to support the child is deemed willful only if the parent "is aware of his or her duty to support, has the capacity to provide the support, makes no attempt to provide support, and has no justifiable excuse for not providing the support." *In re J.C.H.*, No. W2012-01287-COA-R3-PT, 2012 WL 6466631, at *11 (Tenn. Ct. App. Dec. 14, 2012) (quoting *In re M.F.O*, No. M2008-01322-COA-R3-PT, 2009 WL 1456319, at *3;(Tenn. Ct. App. May 21, 2009) (citing *Tenn. Dep't. of Children's Servs. v. Calabretta*, 148 S.W.3d 919, 926 (Tenn. Ct. App. 2004))). Every parent 18 years or older, however, is presumed to know of their legal obligation to support their child. Tenn. Code Ann. § 36-1-102(1)(H)(2010).

Willfully failed to visit means "the willful failure, for a period of four (4) consecutive months, to visit or engage in more than token visitation." Tenn. Code Ann. § 36-1-102(1)(E). "[T]oken visitation," is visitation "under the circumstances of the individual case [which] constitutes nothing more than perfunctory visitation or visitation of such an infrequent nature or of such short duration as to merely establish minimal or insubstantial contact with the child." Tenn. Code Ann. § 36-1-102(1)(C).

Upon review of the record, we agree with the trial court that there is no clear and convincing evidence in this case to demonstrate that any failure on the part of Mother to visit or support Riannah was willful. It is not disputed that Mother did not pay any child support until ordered to do so in June 2013. It also is not disputed that Mother paid child support as ordered in June and July 2013. The absence of a child support order did not relieve Mother of her obligation to support Riannah, of course. However, we observe that the juvenile court entered two orders specifically reserving the issue of child support. Additionally, Father has offered no evidence to demonstrate that Mother had the ability to pay child support during the relevant period. Mother testified that she had received food stamps and applied for SSI benefits but had no other income, and that Father had rejected her attempts to bring gifts of clothing to Riannah for her birthday. Father testified that he had not asked Mother for any child support, and there is nothing in the record to suggest that Father sought an order of support after the juvenile court twice reserved the matter in December 2010 and February 2011. There is no clear and convincing evidence of willful failure to support in this record.

The record also does not demonstrate that Mother willfully failed to visit Riannah. The juvenile court's orders of December 2010 and February 2011 specifically ordered Mother to complete drug and alcohol treatment and denied Mother visitation until after she filed a petition. The juvenile court's orders are ambiguous, at best, but may fairly and reasonably be perceived as requiring Mother to provide evidence that she had completed treatment before petitioning for visitation. The trial court concluded that Mother "had no right to visit her child until she petitioned through the juvenile court after giving proof of alcohol and drug counseling. . . She had no legal right to visit . . . Notwithstanding that, she attempted on occasion to visit the child or contact the child which were denied by [Father]." The trial court's conclusions are not controverted. It also is uncontroverted that Mother had been attending "Teen Challenge" counseling and drug and alcohol treatment for three years, that she was scheduled to graduate from the program on August 15, 2013, (nine days after the matter was heard by the trial court) and that she was taking parenting classes at the Carl Perkins Center in Lexington. The record does not contain clear and convincing evidence to demonstrate willful failure to visit in this case.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs on appeal are taxed to the Appellants Father and Step-Mother, and their surety, for which execution may issue if necessary. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

_____
DAVID R. FARMER, JUDGE