# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs November 15, 2013

## ARETHA MOSS v. SHELBY COUNTY DIVISION OF CORRECTIONS, ET AL.

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-12-1211-1    Arnold B. Goldin, Chancellor

_____

### No. W2013-01276-COA-R3-CV - Filed December 11, 2013

_____

Petitioner/Appellant was terminated from her position with the Shelby County Division of Corrections for violating the Division's Standards of Conduct and for untruthfulness. The Civil Service Merit Board affirmed. On appeal, the Chancery Court for Shelby County affirmed the Board's decision. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Darrell James O'Neal, Memphis, Tennessee, for the appellant, Aretha Moss.

Damon Keith Griffin and Pablo Adrian Varela, Assistant Shelby County Attorneys, Memphis, Tennessee, for the appellees, Shelby County Division of Corrections and Shelby County Civil Service Merit Board.

### MEMORANDUM OPINION[1]

The facts relevant to our disposition of this matter are not disputed.

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Petitioner/Appellant Aretha Moss (Ms. Moss) was employed as a corrections officer with the Shelby County Division of Corrections ("the DOC"). In December 2011, law enforcement officials advised the DOC's Office of Professional Standards ("OPS") that Ms. Moss had been found visiting the residence of Stanley Cooper (Mr. Cooper) on December 2, 2011, and that a large quantity of illegal drugs had been found in the residence. Mr. Cooper admitted that the illegal drugs belonged to him, but stated that Ms. Moss had no knowledge of the drugs or of his drug-related activities. Ms. Moss was relieved of duty with pay on December 2.

OPS conducted an investigation into the matter and, on December 16, investigator Alvin Givans (Mr. Givans) interviewed Ms. Moss, who signed a Truthfulness Form and a Garrity Notice. In her recorded statement, Ms. Moss denied that she had any relationship with Mr. Cooper other than a childhood friendship. She denied knowing that Mr. Cooper had been involved in drug trafficking, or that he had been arrested and incarcerated for drug-related activity. She stated that she had not visited him in jail and that she had no knowledge that drugs were present at his residence on December 2 prior to the arrest. Mr. Givans' investigation of the matter revealed that, in June 2001, Ms. Moss was named as a co-defendant of Mr. Cooper when approximately two pounds of marijuana was found at a residence in which Ms. Moss and Mr. Cooper were staying, and that Ms. Moss visited Mr. Cooper in jail on August 1, 2002. The investigation also revealed that, in February 2008, Mr. Cooper was arrested for possession with the intent to sell marijuana and ecstacy, which were found in Ms. Moss's vehicle, and that Ms. Moss's vehicle was seized as a result. Additionally, law enforcement officials discovered a large amount of marijuana as well as crack cocaine, powder cocaine and digital scales in Mr. Cooper's residence on December 2, 2011. They also discovered $1,000 in the pocket of Mr. Cooper's trousers, which he was not then wearing. The investigation also revealed that Mr. Cooper had been arrested 22 times, primarily for drug-related offenses. Following Mr. Givans' investigation, on December 19 Mr. Givans filed a report concluding that Ms. Moss had misrepresented the truth in her December 16 interview. Ms. Moss was suspended without pay.

A Loudermill hearing was held on December 28, 2011. The hearing was conducted by Deputy Administrator Michael Howse (Mr. Howse) and was attended by Ms. Moss and her legal counsel. Mr. Howse determined that Ms. Moss had not been truthful based on her statements that she was unaware of Mr. Cooper's drug-related activities and that she had not visited him in jail. The DOC terminated Ms. Moss's employment effective January 5, 2012.

Ms. Moss appealed termination to the Civil Service Merit Board ("the Board"). The Board postponed the matter pending further information regarding whether the District Attorney would indict Ms. Moss based on the events of December 2. After the District Attorney determined Ms. Moss would not be indicted, the Board heard the matter on May

29, 2012. Ms. Moss was represented by counsel at the hearing, and testimony from the Millington Police Department was stricken from the record at counsel's request. The Board unanimously affirmed the decision to terminate Ms. Moss for violation of Policy #1.3.11 of the Standards of Conduct, which provides:

> Employees shall maintain a professional deportment at all times; refrain from engaging in unprofessional or illegal behavior both on and off duty that could in any manner reflect negatively on the Division of Corrections or Shelby County.

The Board determined that "too many events confirmed that Ms. Moss knew Mr. Cooper's past with drugs and did not in any way separate herself from this detriment to her career."

Ms. Moss filed a petition for judicial review of the Board's decision in the Chancery Court for Shelby County on July 26, 2012. In her petition, Ms. Moss asserted that she had been terminated on or about January 5, 2012, for truthfulness and violation of personal conduct. Ms. Moss also asserted that the Board concluded that the decision to terminate her employment was based on truthfulness and that the "only testimony a the hearings regarding discipline for truthfulness was that no person ha[d] been terminated from the DOC based upon truthfulness." She alleged that the termination was "improper," and asserted that the impropriety would be demonstrated by the hearing evidence. The DOC and the Board answered in August 2012, asserting the Board's decision was lawful, supported by the evidence, and not arbitrary or capricious. Following a hearing on March 28, 2013, the trial court affirmed the Board's decision by order entered April 23, 2013.

Ms. Moss filed a timely notice of appeal to this Court, and presents one issue for our review, as stated by her:

> Whether the trial court and Shelby County Civil Service Commission erred because it failed to determine that Ms. Moss was denied due process when she was charged with a "Standard of Conduct" violation after Director Coleman stated there was an error in her charges and she was only charged with truthfulness."

Notwithstanding Ms. Moss's statement in her petition for judicial review that she was terminated for truthfulness and violation of the Standards of Conduct, in her brief, Ms. Moss asserts that she was denied due process during the termination proceedings where she was notified after the Loudermill hearing that she was being terminated for truthfulness, where there was no evidence of notice of termination based on violations of the Standards of Conduct, and where the Board affirmed termination for violations of the Standards of Conduct based on untruthfulness and dishonest information. Ms. Moss's argument, as we

understand it, is that she was denied due process where she was not given notice of termination based on violations of the Standard of Conduct, but was notified of termination for untruthfulness following her Loudermill hearing. Ms. Moss contends that, although she did not raise the issue of due process in the administrative proceedings, she may properly raise it for judicial review. She further asserts that the basis of her termination was her failure to state that she had visited Mr. Cooper in jail in 2001, ten years prior to the 2011 incident and approximately six years before beginning employment with the DOC, and that she was not provided with any evidence to support termination based on truthfulness or a violation of the Standards of Conduct.

In their brief, the DOC and the Board (hereinafter, collectively, "Defendants") assert that Ms. Moss cannot assert a due process argument in this Court where she did not raise the issue in the trial court. They alternatively assert that the record reflects that Ms. Moss knew that she had been charged with violating the Standards of Conduct and that the evidence against her consisted of her statements and the evidence of Mr. Cooper's criminal activity. Defendants assert that Ms. Moss was not deprived of her due process rights where she had sufficient notice of the claims and evidence against her and an opportunity to respond.

Upon review of the record, we observe that in his December 2011 report, Mr. Givans concluded that Ms. Moss had violated Policy #1.3.11 of the Standards of Conduct and that she had misrepresented the truth in her Truthfulness Statement. Mr. Givans stated, "Officer Moss denied knowing that Cooper was involved in trafficking drugs, arrested, incarcerated for drug related charges and she never visited him in jail. Official records taken from the Shelby County WASP System refutes (sic) Moss'[s] statement." The record also reflects that, on December 16, 2011, Ms. Moss signed a Garrity Notice and a Truthfulness Statement, which stated that she was being investigated by the Office of Professional Standards for violations of the DOC's rules and regulations. Additionally, we observe that at Ms. Moss's December 28, 2011, Loudermill hearing, Officer Terry Lowery ("Officer Lowery"), the union secretary and Ms. Moss's union representative, stated that Ms. Moss had been charged with violation of the Standards of Conduct Policy 1.3.11, Section C, paragraphs 11 and 17. Officer Lowery defended Ms. Moss against those charges, stating, "She was (sic) violated no policies. She was unaware that this particular friend was engaged in those activities and she shouldn't be held accountable for those. . . . She was just in the wrong place at the wrong time." Upon questioning by Mr. Howse, Ms. Moss confirmed that, in her December 16 interview, she stated that she was not aware of Mr. Cooper's "drug activities." She further stated that she had never visited Mr. Cooper when he was in jail, and that she "had no knowledge of any of his drug history." Mr. Howse asked Ms. Moss a second time whether she had ever visited Mr. Cooper in jail, stating, "And you never visited him in jail?" Ms. Moss replied, "No." Mr. Howse asked Ms. Moss whether she was satisfied with her representation at the hearing, and Ms. Moss replied that she was.

-4-

As the trial court noted, at the March 2013 hearing of Ms. Moss's petition for judicial review, the Board "kind of rolled" the truthfulness issue into the charge of violation of the Standards of Conduct. We additionally observe that counsel for Defendants noted that the Board questioned Ms. Moss about the seizure of her vehicle in 2001, and that Ms. Moss replied that she "had no idea why" her vehicle was seized. Counsel further noted that although Ms. Moss was not charged with criminal activity, the Board simply did not believe that she was not aware of Mr. Cooper's history of criminal activity or of why her vehicle had been seized.

The Board's decision is reviewed by the courts under the Uniform Administrative Procedures Act, codified at Tennessee Code Annotated § 4–5–322 (2011). Tenn. Code Ann. § 27–9–114(b)(1). Under the Administrative Procedures Act, a reviewing court can reverse an administrative decision if the decision is:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 4-5-322(h)(2011 & Supp. 2013). Based on the entire record, the trial court determined that the Board's decision was neither arbitrary nor capricious, and that the Board had a reasonable and sound basis for its findings and decision. We agree.

We also agree with Defendants that Ms. Moss did not assert due process violations in the trial court. It is well settled that issues and arguments not raised or asserted in the trial court may not be raised for the first time on appeal. *Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006); *Wickham v. Sovereign Homes, LLC,* No. W2011–02508–COA–R3–CV), 2012 WL 438635, at *10 (Tenn. Ct. App. Sept. 25, 2012) (*no perm. app. filed)*. Although, as Ms. Moss asserts, administrative agencies have limited authority to resolve constitutional issues, agencies must nonetheless "consider and apply constitutional principles in determining procedures and rendering decisions in contested cases." *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 453 (Tenn. 1995)(citations omitted). Administrative agencies have the authority in a contested case proceeding to address a claim that its procedure is constitutionally deficient. *Id*. at 455. Additionally, as noted above, the Administrative Procedures Act clearly provides that the trial court may consider whether an agency has acted in violation of a constitutional provision. Ms. Moss may not assert a constitutional violation for the first time on appeal to this Court.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Aretha Moss, and her surety, for which execution may issue if necessary. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.


_____
DAVID R. FARMER, JUDGE