IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2017 Session

**ALICE MARIE CHERQUI v. MOSHE LAOR**

**Appeal from the Chancery Court for Madison County**
**No. 69732     James F. Butler, Chancellor**

_____

**No. W2016-02502-COA-R3-CV**

_____

This case involves the interpretation and enforcement of an alimony termination provision in the parties' marital dissolution agreement. Wife filed a Notice of Termination of Alimony Payments in the Chancery Court of Madison County, alleging that Husband's non-compliance with the parties' permanent parenting plan relieved her of any further obligation to pay alimony pursuant to the alimony provision of their marital dissolution agreement. Husband then filed a motion to enforce the marital dissolution agreement and for a temporary injunction. Wife subsequently moved for summary judgment to enforce the alimony provision of the marital dissolution agreement. Husband did not dispute that he failed to comply with the "Passport Provision" of the parties' permanent parenting plan but argued that his violation of the agreement did not relieve Wife's obligation to continue to pay alimony *in solido*. The trial court concluded that the marital dissolution agreement unambiguously provided that Wife would be immediately relieved of her total obligation to pay alimony if Husband failed to comply with his obligations under the parties' permanent parenting plan and granted Wife's motion for summary judgment.  Husband appeals the trial court's granting of summary judgment, while Wife seeks an award of her attorney's fees on appeal.  Finding no error, we affirm the trial court's granting of summary judgment and award the Wife her attorneys' fees incurred on appeal which the trial court shall calculate upon remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON and KENNY ARMSTRONG, JJ., joined.

Stuart Breakstone, Memphis, Tennessee, for the appellant, Moshe Laor.

Larry Rice, Jennifer Bellott Goodin and Erin O'Dea, Memphis, Tennessee, for the appellee, Alice Marie Cherqui.

# OPINION

## BACKGROUND AND PROCEDURAL HISTORY

Alice Marie Cherqui ("Wife") and Moshe Laor ("Husband") were divorced in September 2014. The parties have one minor child ("the child"), born September 2012. A marital dissolution agreement ("MDA") and permanent parenting plan ("PPP") were incorporated into the parties' final decree of divorce. The current litigation involves the interpretation of the "**Alimony**" provision of the parties' MDA, which provides:

### Alimony

Beginning October 1, 2014, Wife will pay to Husband five thousand dollars ($5000) per month for a period of forty (40) months. Wife reserves the right to accelerate the alimony payments under this provision, at her discretion, at any time, and in any amount of her choice.

Half of each monthly payment shall be in the form of alimony *in solido*[.]

The other half of each monthly payment shall be in the form of transitional alimony[.]

*The total monthly payments shall not be modifiable with the following exception: should Husband fail to comply with the provisions enumerated below*, which can be found within *either* this Agreement or the parties' Permanent Parenting Plan, Wife shall be immediately relieved of any further obligation to comply with this **Alimony** provision, beginning on Husband's date of non-compliance. Husband shall immediately reimburse Wife for any alimony payments received past the date of non-compliance, but no later than thirty (30) days after the date of non-compliance. *The termination of Wife's obligation under the circumstances of this paragraph shall be irrevocable, regardless of subsequent compliance with the provisions of this Agreement. The provisions are as follows . . .[f]rom the Permanent Parenting Plan: [a]ll provisions regarding the child's passport and international travel.*

(emphasis added)

Pursuant to the "**Alimony**" provision, on June 10, 2015, Wife filed a "Notice of Termination of Alimony Payments" with the Chancery Court of Madison County, Tennessee. Wife alleged that Husband had refused to comply with the "Passport Provision" of the parties' PPP, which provides:

[t]he parties shall cooperate to obtain a passport for the child within thirty (30) days of the execution of this [PPP]. Specifically, *Father shall execute and have notarized Form DS-3053: Statement of Consent, provide a copy of the front and back of his photo identification that was presented to the notary, and deliver all to Mother within thirty (30) days*.

(emphasis added)

Wife alleged that Husband did not: (1) provide her with a notarized Form DS-3053: Statement of Consent; (2) provide her with a photo copy of the identification presented to the notary; (3) deliver the aforementioned documents to Mother; and (4) complete all three of the requirements within thirty days from the entry of the parties' Final Decree of Divorce.[1] In response to Wife's notice, on June 25, 2015, Husband filed a "Motion to Enforce Marital Dissolution Agreement and for Temporary Injunction." Husband averred that he did not violate the "Passport Provision" in a "material and substantial way," and, regardless, only half of Wife's alimony payments under the MDA were terminable upon his non-compliance with the PPP. On August 4, 2015, Wife filed a response opposing Husband's motion. By order of September 2, 2015, the trial court denied Husband's request for injunctive relief.

On September 22, 2015, Wife filed a motion for summary judgment.[2] In support of her motion for summary judgement, on November 10, 2015, Wife filed a Statement of Undisputed Facts and an affidavit. On December 10, 2015, Husband filed his response to Wife's Statement of Undisputed Facts, wherein he admitted it was undisputed that he did not comply with the "Passport Provision" of the PPP.

Following a hearing, the trial court granted Wife's motion for summary judgment but reserved Wife's claim for attorneys' fees for later hearing. Concerning attorneys' fees, the parties' MDA provides:

**Noncompliance**

Should either party incur any expense or legal fees in a successful effort to enforce or defend this Marital Dissolution Agreement, in whole or in part, the Court **SHALL** award reasonable attorney fees and suit expenses to the party seeking to enforce this Agreement. No breach, waiver, failure to seek strict compliance, or default of any of the terms of this Agreement shall

---

[1] Husband was required to comply with the "Passport Provision" before the deadline of October 8, 2014.

[2] Wife filed a "Motion for Judgment on the Pleadings" on September 22, 2015, which motion the court converted into a motion for summary judgment.

constitute a waiver of any subsequent breach or default of any of the terms of this Agreement.

Pursuant to this provision, the trial court entered an order on October 31, 2016, awarding Wife twenty thousand dollars ($20,000) in reasonable attorneys' fees. Husband appeals.

## ISSUES PRESENTED

Husband presents the following issue on appeal, restated verbatim as follows:

I. Whether the trial court erred in granting summary judgment and terminating Appellee's alimony *in solido* obligation where the plain language of the Marital Dissolution Agreement only addressed the termination of the transitional alimony in the event Appellant did not comply with all the provisions of the Marital Dissolution Agreement and Permanent Parenting Plan and where alimony *in solido* is not modifiable.

In the posture of Appellee, Wife raises the following issue on appeal:[3]

II. Whether Wife should be entitled to receive attorneys' fees and expenses on appeal.

## STANDARD OF REVIEW

Husband appeals the trial court's order granting summary judgment in favor of Wife. Our inquiry in an appeal from a grant of summary judgment "involves purely a question of law." *Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 88 (Tenn. 2000). Accordingly, our review is *de novo,* and we apply no presumption of correctness to the trial court's conclusions. *See Kirk v. Kirk,* 447 S.W.3d 861, 874 (Tenn. Ct. App. 2013). Our review requires us to "freshly determine whether the requirements of [Tennessee Rule of Civil Procedure] 56 have been met" in order to evaluate whether the trial court correctly granted summary judgment. *Id.* (citation omitted). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

---

[3] In his brief, Husband also asks that we overturn the trial court's award of attorneys' fees to Wife and that we award him his attorneys' fees and costs incurred during this appeal. However, at oral argument Husband's attorney waived Husband's claims regarding attorneys' fees. Accordingly, we will not address Husband's claim for attorneys' fees.

"The moving party has the ultimate burden of persuading the court that . . . there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Town of Crossville Hous. Auth. v. Murphy*, 465 S.W.3d 574, 578 (Tenn. Ct. App. 2014) (citation omitted). The moving party may meet its "burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLCC*, 477 S.W.3d 235, 264 (Tenn. 2015). If the moving party meets its initial burden of production, the burden shifts to the nonmoving party to "demonstrate the existence of specifics facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id*. at 265. "When the facts and the inferences reasonably drawn from the facts are not disputed, the courts themselves can bring to bear the applicable legal principles to determine whether the moving party is entitled to judgment as a matter of law." *Cherry v. Williams*, 36 S.W.3d 78, 83 (Tenn. Ct. App. 2000).

## DISCUSSION

### I. Alimony Provision of the Marital Dissolution Agreement

Both parties rely on the "**Alimony**" provision of the MDA that provides, "the total monthly payments shall not be modifiable with the following exception: should Husband fail to comply . . . [with, *inter alia*, the "Passport Provision,"] Wife shall be immediately relieved of any further obligation to comply with this "**Alimony**" provision." Husband contends that this provision should be interpreted by the trial court to read that Wife is only relieved of her obligation to pay alimony *in futuro*, but she is not relieved of the obligation to pay alimony *in solido*, which Husband contends is not modifiable. Wife contends that this provision of the MDA relieves her of all alimony obligations upon Husband's violation of the "Passport Provision" of the PPP. Again, Husband admits that he did not comply with the "Passport Provision" of the PPP.

"An [MDA] is a contract and thus is generally subject to the rules governing construction of contracts." *See Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006). "A cardinal rule of contract interpretation is to ascertain and give effect to the intent of the parties." *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006) (citation omitted). In interpreting the language of an MDA, courts look to the plain meaning of the words to ascertain the parties' intent. *See id*. (citation omitted). "This determination of the intention of the parties is generally treated as a question of law because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide." *Planters Gin Co. v. Federal Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 890 (Tenn. 2002). "Questions of contract interpretation are generally considered to be questions of law, and thus are especially well-suited for resolution by summary judgment." *See Adler v. Double Eagle*

*Props. Holdings, LLC*, No. W2014-01080-COA-R3-CV, 2015 WL 1543260, at *4 (Tenn. Ct. App. Apr. 2, 2015).

This Court's initial task in construing the parties' MDA is to determine whether the language is ambiguous. *See id*. "If the language is clear and unambiguous, the literal meaning controls the outcome of the dispute." *Id*.; *see also Bourland, Heflin, Alvarez, Minor & Matthews, PLC v. Heaton*, 393 S.W.3d 671, 676 (Tenn. Ct. App. Apr. 9, 2012) ("When there exists no ambiguity, the parties' intention must be gathered from the four corners of the instrument at issue, and extrinsic evidence may not be admitted to vary the instrument's terms."). "Contractual language 'is ambiguous only when it is of uncertain meaning and may be fairly understood in more ways than one.'" *Watson*, 195 S.W.3d at 612 (quoting *Farmers-Peoples Bank v. Clemmer*, 519 S.W.2d 801, 805 (Tenn. 1975)). However, "[c]ontract language will not be considered ambiguous . . . merely because the parties differ as to their interpretation of the language." *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001).

In this case, neither party contends that the contractual language is ambiguous. Indeed, both parties argue that the language unequivocally mandates that we enter judgment in their favor. Because the MDA is unambiguous, this Court may not look beyond the four corners of the MDA to discern the parties' intent. *See Int'l Flight Ctr. v. City of Murfreesboro*, 45 S.W.3d 565, 570 (Tenn. Ct. App. 2000) ("When the language of the MDA is plain and unambiguous, courts determine the intent from the four corners of the document and enforce its plain terms as written.")

Husband urges this Court to construe the "**Alimony**" provision in the MDA narrowly. "Tennessee recognizes four distinct types of spousal support: (1) alimony *in futuro*, (2) alimony *in solido*, (3) rehabilitative alimony, (4) transitional alimony." *Mayfield v. Mayfield*, 395 S.W.3d 108, 115 (Tenn. 2012). Husband relies on Tennessee Code Annotated Section 36-5-121(h)(2) which provides that, "[a] final award of alimony *in solido* is not modifiable, except by agreement of the parties only." Here, however, the parties have contracted to relieve Wife of the "total monthly payments" owed under the "**Alimony**" provision of the MDA. The parties have not included qualifying language to specify whether, by "**Alimony**," they mean specific types of alimony. Likewise, the parties have not included language indicating that "total monthly payment" was to be understood as only half of Wife's total monthly alimony payment obligation. The use of the term "**Alimony**" in the provision of the MDA, without restriction, should be interpreted to include all of the alimony types contemplated in that section of the MDA. Those types include both alimony *in futuro* and alimony *in solido*.

Despite Husband's assertion to the contrary, the aforementioned provision simply cannot be understood to apply only to half of Wife's total alimony obligation. The plain language of the provision clearly contemplates that Wife's entire monthly alimony obligation, i.e. her "total monthly payments," shall be relieved if Husband failed to

comply with certain specified provisions of the MDA and the PPP. "One of the bedrocks of Tennessee law is that our courts are without power to make another and different contract from the one executed by the parties themselves." *Eberbach v. Eberbach*, No. M2014-018110SC-R11-CV, 2017 WL 2255582, at \*7 (Tenn. Oct. 5, 2016); *see also Marcum v. Ayers*, 398 S.W.3d 624, 629 (Tenn. Ct. App. 2012) ("It is not the role of the courts to rewrite contracts for dissatisfied parties"); *Towe Iron Works, Inc. v. Towe*, 243 S.W.3d 562, 569 (Tenn. Ct. App. 2007) ("It is an often-cited principle in this jurisdiction that in the absence of mistake or fraud, the courts will not create or rewrite a contract simply because its terms are harsh or because one of the parties was unwise in agreeing to them.") (citation omitted). As such, we agree with the trial court that the disputed clause of the MDA relieves Wife of her total alimony obligation upon Husband's noncompliance with the "Passport Provision" of the PPP. Accordingly, the trial court did not err in granting Wife's motion for summary judgment.

## II. Attorneys' Fees

Wife seeks an award of reasonable attorneys' fees on appeal. Litigants must typically pay their own attorneys' fees absent a statute or agreement providing otherwise *See State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000). However, parties to an MDA are free to agree that, should litigation over the contract arise, the losing party will be responsible for the prevailing party's fees. *See Eberbach*, 2017 WL 2255582, at \*7. In this case, the parties' MDA states that "[s]hould either party incur expenses or legal fees in a successful effort to defend this [MDA], in whole or in part, the court **SHALL** award reasonable attorney fees and suit expenses to the party seeking to enforce this Agreement." (emphasis in original). "If the MDA is determined to be a valid and enforceable agreement, the terms of the parties' agreement govern the award of fees and the court must enforce the parties' terms to the extent the agreement demands." *Id.* at \*7.

The parties' agreement is clear that Wife, as the prevailing party, is entitled to reasonable attorneys' fees incurred on appeal. Therefore, we remand the case to the trial court for a determination of the appropriate amount of those fees.

## CONCLUSION

For the foregoing reasons, we hold that the trial court did not err in granting Wife's motion for summary judgment. Additionally, we award Wife her attorneys' fees incurred on this appeal and remand the case to the trial court to determine the appropriate amount of Wife's reasonable attorneys' fees. Costs of this appeal are assessed against Appellant, Moshe Laor, and his surety, for all of which execution may issue, if necessary.

_____
ARNOLD B. GOLDIN, JUDGE