IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 25, 2015

**CHARLES ALLEN HANNA v. JEANNETTEE LYNN HANNA**

**Appeal from the Chancery Court for Henderson County**
**No. 25129     James F. Butler, Chancellor**

_____

**No. W2014-02051-COA-R3-CV – Filed April 30, 2015**

_____

This is a post-divorce case.  The parties executed a marital dissolution agreement, and the trial court incorporated the agreement into the divorce decree.  Several years after the divorce, Appellee received a substantial social security disability payment that was deposited into a bank account held jointly with Appellant.  Appellant later withdrew approximately one-half of the deposited amount.  In response, Appellee took a vehicle that was awarded to Appellant under terms of the marital dissolution agreement.  Appellee also filed a petition for contempt to enforce the marital dissolution agreement, asking that he retain ownership of the vehicle and that Appellant be disgorged of the $25,000 she withdrew from the parties' joint account.  In her answer and counterclaim for contempt, Appellant demanded the return of the vehicle, asserted that she was entitled to the funds withdrawn from the joint account, and requested her attorney's fees.  The trial court ordered the parties to return the funds and the vehicle to their original possessors and awarded Appellee attorney's fees.  We affirm in part and reverse in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is**
**Affirmed in Part, Reversed in Part, and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellant, Jeanette Lynn Hanna.

Charles Allen Hanna, Lexington, Tennessee, _pro se_.

1

# MEMORANDUM OPINION[1]

## I. Background

Jeannette Hanna ("Appellant") and Charles Hanna ("Appellee") (together, "the Hannas") were married in December of 1998.  Mr. Hanna filed suit for divorce on May 2, 2011, citing irreconcilable differences.  As part of their divorce proceedings, the Hannas signed and filed a Marital Dissolution Agreement ("MDA").  Several sections of the MDA are relevant to this appeal.  Chief among these is the section titled "Retirement and Annuities," which states that

> [Mr. Hanna] agrees that any and all retirement plans, benefits, programs, annuities and/or retirement accounts held by, in the name of and/or on behalf of [Ms. Hanna] shall be retained by [Ms. Hanna].
> [Ms. Hanna] agrees that any and all retirement plans, benefits, programs, annuities and/or retirement accounts held by, in the name of and/or on behalf of [Mr. Hanna] shall be retained by [Mr. Hanna].

Another section, entitled "Noncompliance," provides that "Should either party incur any expense or legal fees in a successful effort to enforce this Marital Dissolution Agreement, in whole or in part, the court shall award reasonable attorney's fees to the party seeking to enforce this agreement."  The MDA also provided that Ms. Hanna "shall receive as her sole and absolute property the 2008 Chevrolet Tahoe" ("the Tahoe").

On May 4, 2011, the Henderson County Chancery Court finalized the Hannas' divorce by final decree and incorporated the MDA into the final decree of divorce. Despite the Hannas' divorce, they maintained a joint bank account.  On March 12, 2013, Mr. Hanna received a deposit of $52,422.90 from the Social Security Administration into this joint account.  The record is not explicit as to the nature of this payment; however, it appears to be an arrearage payment for social security disability benefits.  On June 14, 2013, Ms. Hanna wrote a check for $25,000 from the shared account.  In response, Mr. Hanna hired two men masquerading as "repo men," replete with fake badges, who took Ms. Hanna's Tahoe.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On July 11, 2013, Mr. Hanna filed a petition for contempt, alleging that Ms. Hanna breached the MDA and requesting that the trial court order Ms. Hanna to return the $25,000, and that he be awarded attorney's fees. Ms. Hanna filed an answer and counterclaim for contempt on August 6, 2013, requesting the return of the Tahoe and attorney's fees. According to a report dated December 27, 2013, the parties attempted mediation, but could not settle the matter. The trial court heard the petition for contempt on May 22, 2014. On July 14, 2014, Mr. Hanna filed a motion to compel the Appellant to pay $25,000 to the trial court. On September 18, 2014, the trial court entered an order ordering Mr. Hanna to return the Tahoe and for Mrs. Hanna to return the $25,000. The trial court did not find either party in contempt, but awarded attorney's fees to Mr. Hanna. Ms. Hanna timely appealed. Mr. Hanna, acting *pro se*, did not submit a brief.

## II. Issues

We restate the issues on this appeal as follows:

1. Whether trial court erred in ordering the Appellant to return the $25,000 taken from the joint bank account.

2. Whether the trial court erred in failing to find the Appellee in contempt.

3. Whether the trial court erred when it awarded attorney's fees to the Appellee.

4. Whether the trial court erred in failing to award attorney's fees to the Appellant.

## III. Standard of Review

This case was tried without a jury. Accordingly, we review the findings of fact made by the trial court *de novo*, with a presumption of correctness unless the preponderance of the evidence is to the contrary. Tenn. R. App. P. 13(d). The trial court's conclusions of law, however, are reviewed *de novo* and "are accorded no presumption of correctness." **Brunswick Acceptance Co., LLC v. MEJ, LLC**, 292 S.W.3d 638, 642 (Tenn. 2008).

## IV. Analysis

### A. Return of the $25,000

Appellant argues that the trial court did not have subject-matter jurisdiction to order the return of the $25,000 withdrawn from the joint account. Appellant bases her argument on the fact that the trial court found that "although the money deposited in the account did not come into existence until after the parties divorced, that the money in the

3

joint account belonged to [Mr. Hanna] and that [Ms. Hanna's] withdrawal of $25,000 therefrom was wrongful." Based upon the trial court's order, Appellant argues that the trial court was deciding a claim for conversion rather than a petition for contempt because the $25,000 at issue is not marital property. Specifically she argues that the trial court acted beyond its authority to enforce the MDA because a petition for contempt was not the correct action to enforce the MDA, and because the funds she withdrew are not subject to the terms of the MDA.

In order to adjudicate this issue, we must determine not only whether contempt was the correct means for the court to enforce the divorce decree, but also whether the MDA granted the trial court jurisdiction over the payment that Mr. Hanna received from the Social Security Administration.

We first address whether the trial court could act to enforce the MDA through a contempt action. "The judicial remedies for breach of a provision in a marital dissolution agreement depend on whether the provision has merged into the divorce decree and thereby remains in the court's control." *Long v. McAllister-Long*, 221 S.W.3d 1, 9 (Tenn. Ct. App. 2006). "Contempt is the proper remedy for the breach of provisions that remain in the court's control." *Long v. McAllister-Long*, 221 S.W.3d 1, 9 (Tenn. Ct. App. 2006). Examples of provisions that merge into the decree and remain under the court's control are child support for minor children and long-term alimony. *Id.* at 9 n. 9. "Both contempt and breach of contract are proper remedies for the breach of provisions that have been approved and incorporated but not merged into the final decree." *Id.* at 9-10. In the instant case, the MDA was incorporated into the final divorce decree. Therefore, either a contempt action or breach of contract action would have been an appropriate means to enforce the MDA. Because contempt is an appropriate action to enforce the provisions of an MDA, Appellee's petition was properly before the trial court.

Having determined that a petition for contempt is a proper way for a party to request a court to enforce a divorce decree, we must now determine whether the trial court acquired jurisdiction over the payment made to the Appellee under the terms of the MDA. "We have previously held that a marital dissolution agreement 'is a contract and as such generally is subject to the rules governing construction of contracts.'" *Barnes v. Barnes*, 193 S.W.3d 495, 496 (Tenn. 2006) (quoting *Johnson v. Johnson*, 37 S.W.23 892, 898 (Tenn. 2001)). "A cardinal rule of contract interpretation is to ascertain and give effect to the intent of the parties." *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006). "In interpreting the contractual language, courts look to the plain meaning of the words in the document to ascertain the parties' intent." *Id.* "Our search for the parties' intentions must focus on the MDA itself." *Elliot v. Elliot*, 149 S.W.3d 77, 84 (Tenn. Ct. App. 2004). "We should construe MDAs fairly and reasonably, and we should avoid rewriting these agreements under the guise of 'construing.'" *Id.*

4

In reviewing the language of the section of the MDA entitled "Retirement and Annuities," *supra*, we first note that the MDA does not specifically define retirement plan, benefit, program, annuity or account. However, the language of the "Retirement and Annuities" section is all-inclusive, stating that the parties will retain ownership of their respective "retirement plans, benefits, programs, annuities and/or retirement accounts." This list indicates the parties intended this section to be expansive and to control all employment benefits to which the parties were individually entitled. The provision also employs the language "any and all," further indicating that the parties intended an expansive definition of what the provision controls. Furthermore, the "Waiver" section of the MDA states that the "parties waive any separate and distinct claim to any retirement or pension benefit of the other party except as may be set out by this agreement herein…." The inclusion of the word pension in this section, combined with retirement, shows that the parties intended to take an expansive approach concerning what retirement monies the MDA would control. Construed together, the language of the MDA shows a clear intent by the parties that they intended for the MDA to control any post-employment monies they received from any source.

Considering the intent of the parties, as illustrated by the language employed in the MDA, we conclude that the payment made to Mr. Hanna by the Social Security Administration was covered by the "Retirement and Annuities" section of the MDA. Accordingly, the trial court had jurisdiction over the funds pursuant to its incorporation of the MDA into the divorce decree. Because the trial court had jurisdiction over the funds, and because the Appellee filed the correct petition to enforce the MDA, we conclude that the trial court had jurisdiction to order Appellant to return the $25,000 to Appellee.

### B. Contempt

Although Appellant assigns error to the trial court's failure to find the Appellee in contempt, her brief does not cite any authority, nor does it make any argument, regarding this issue. Tennessee Rule of Appellate Procedure 27 requires that a brief "shall contain," *inter alia*, "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities…relied on." Tenn. R. App. Pro. 27(a)(7)(A). Failure to cite authority or argue an issue results in the waiver of that issue. *See Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009). Accordingly, this issue is waived.

### C. Attorney's Fees

Appellant's final issue is whether the trial court erred when it awarded attorney's fees to the Appellee and failed to award her attorney's fees. Appellant argues that, because the trial court ordered the return of the Tahoe, she is entitled to fees under the "Noncompliance" section of the MDA, which provides for an award of attorney's fees to

5

a party that is successful in enforcing the provisions of the MDA.

"In Tennessee, courts follow the American Rule, which provides that litigants must pay their own attorney's fees unless there is a statute or contractual provision providing otherwise." **Taylor v. Fezell**, 158 S.W.3d 352, 359 (Tenn. 2005). Typically, appellate courts "will not interfere with a trial court's decision regarding attorney fees except upon a clear showing of abuse of discretion." **Taylor**, 158 S.W.3d at 359. "A trial court abuses its discretion when it 'applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining.'" **Id.** (quoting **Eldridge v. Eldridge**, 42 S.W.3d 82, 85 (Tenn. 2001)).

In her counterclaim for contempt, Appellant requested that the trial court order the return of the Tahoe to her possession pursuant to the terms of the MDA. Appellant also requested attorney's fees. Despite the trial court's finding that the Appellee wrongfully possessed the Tahoe, and the trial court's acknowledgment in its ruling that the Tahoe should have remained in the Appellant's possession under the terms of the MDA, the trial court awarded attorney's fees only to the Appellee.

We conclude that such a decision was against logic and reasoning, and resulted in an injustice to the Appellant. The terms of the "Noncompliance" section of the MDA state that "Should either party incur any expense or legal fees in a successful effort to enforce this Marital Dissolution Agreement, in whole or in part, the court shall award reasonable attorney's fees to the party seeking to enforce this agreement." Although the Appellee filed the initial petition for contempt to regain the $25,000 withdrawn from the joint account, Appellant requested that the Tahoe be returned to her pursuant to the terms of the MDA. Appellant was successful in her endeavor to enforce a provision of the MDA, and, by its terms, the MDA requires that a party that is successful in enforcing the MDA be awarded attorney's fees. Therefore, the trial court's decision to award attorney's fees only to the Appellee is against logic and reason. The explicit terms of the MDA dictate that if fees were awarded, then both parties should have been awarded attorney's fees. Under the plain terms of the MDA, an award of fees to Mr. Hanna only constitutes an injustice to the Appellant. Because both parties were successful in the trial court, however, we conclude that it is appropriate for each party to pay their own attorney's fees. Accordingly, we reverse the trial court's award of attorney's fees to the Appellee, and deny an award of attorney's fees to Appellant.

Appellant also requests that this Court award her attorney's fees on this appeal. Appellant argues that because she was required to appeal the trial court's decision in order to obtain justice, she is entitled to appellate attorney's fees. "An award of appellate attorney's fees is a matter within this Court's sound discretion." **Moran v. Wilensky**, 339 S.W.3d 651, 666 (Tenn. Ct. App. 2010) (citing **Archer v. Archer**, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). "In considering a request for attorney's fees on appeal, we consider the requesting party's ability to pay such fees, the requesting party's success on

appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in a given case." *Id.* (citing ***Darvarmanesh v. Gharacholou***, No. M2004-00262-COA-R3-CV, 2005 WL 1684050, at *16 (Tenn. Ct. App. July 19, 2005)). In this case, we also take into account that the MDA requires that a "court shall award reasonable attorney's fees to the party seeking to enforce [the MDA]." Ms. Hanna has been partially successful in obtaining enforcement of the MDA on this appeal, while Mr. Hanna did not participate in the appeal. Accordingly, under the terms of the MDA, we conclude that Ms. Hanna should be awarded attorney's fees with regard to the portion of the appellate litigation for which she prevailed. We remand to the trial court with instructions to determine the reasonable amount of attorney's fees Ms. Hanna incurred in appealing the trial court's award of attorney's fees to Mr. Hanna.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order requiring Appellant to return the $25,000 and requiring Appellee to return the Tahoe. We reverse the trial court's award of attorney's fees to Mr. Hanna. The case is remanded for a determination and award of Ms. Hanna's fees for her successful appeal of the award of attorney's fees to Mr. Hanna by the trial court, and for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half against the Appellant, Jeannette Lynn Hanna, and her surety, and one-half against the Appellee, Charles Allen Hanna, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

7